1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2    Robert F. Feldman (Bar No. 69602)
     bobfeldman@quinnemanuel.com
3    Robert W. Stone (Bar No. 163513)
     robertstone@quinnemanuel.com
4    Brian Cannon (Bar No. 193071)
5    briancannon@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
6  Redwood Shores, California  94065-2139
7  Telephone:  (650) 801-5000
   Facsimile:   (650) 801-5100
8
9  Attorneys for Total Recall Technologies

10
11                  UNITED STATES DISTRICT COURT
12                  NORTHERN DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| Total Recall Technologies, | CASE NO. 15-cv-02281 |
| Plaintiff, | COMPLAINT |
| vs. | DEMAND FOR JURY TRIAL |
| Palmer Luckey and Oculus VR, Inc., | |
| Defendants. | |

Plaintiff Total Recall Technologies ("TRT" or "Partnership") alleges as follows:

## NATURE OF THE ACTION

1. TRT brings this action for Defendants' breach of contract and wrongful exploitation and conversion of TRT intellectual and personal property in connection with TRT's development of affordable, immersive, virtual reality technology.

## PARTIES

2. Plaintiff TRT is a partnership by and between individuals Ron Igra ("Igra") and Thomas Seidl ("Seidl"), which conducts business in Hawaii.

3. Igra and Seidl were resident in the State of Hawaii at the formation of the Partnership and have been for relevant times thereafter.

4. On information and belief, Defendant Oculus VR, Inc. ("Oculus") is a Delaware corporation with its principal place of business in Menlo Park, California. On information and belief, Oculus is the corporate successor to Oculus LLC, a California limited liability company.

5. On information and belief, Defendant Palmer Luckey, a founder of Oculus, is an individual who resides (or recently resided) in Long Beach, California, and who may be served with process at his place of employment, Oculus.

## JURISDICTION AND VENUE

6. The Court has jurisdiction in this Action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship amongst the parties to this action, and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

7. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District, Oculus VR, Inc.'s principal place of business is within the District, and the Defendants are otherwise subject to personal jurisdiction in the District pursuant to 28 U.S.C. § 1391(b), (c).

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil L.R. 3-5(b) and Civil L.R. 3-2(c)-(d), there is a basis for assigning this civil action to the San Francisco Division or Oakland Division, as a substantial part of the events giving rise to the claims occurred in San Mateo County, and Oculus VR, Inc.'s principal place of business is located in San Mateo County.

# BACKGROUND

9. In 2010, Igra and Seidl began their partnership with the aim of developing immersive 3D technology, including cameras and head mounted displays.

10. In December 2010, Seidl met Luckey in connection with developing head mounted displays and began an exchange of information about TRT's project. Seidl informed Luckey that he wanted to keep their communications confidential.

11. On May 27, 2011, Igra and Seidl filed a patent application, entitled "System and method for creating a navigable, three-dimensional virtual reality environment having ultra-wide field of view."  That application later issued as United States Patent No. 9,007,430.

12. In 2011, Seidl and Luckey continued their discussions with Seidl requesting that Luckey build a prototype to Seidl's specifications with parts paid for by the Partnership. Seidl explained to Luckey that with the Partnership's initial payment to Luckey, he expected exclusive rights to the design. Luckey agreed.

13. At all relevant times, the information provided to Luckey by TRT was confidential, and TRT expected the information to remain confidential.

14. On August 1, 2011, Luckey executed a written "Nondisclosure, exclusivity and payments agreement" contract with Seidl on behalf of the Partnership. Two witnesses also executed the agreement on behalf of Luckey at Luckey's direction: Tom Allan and Jeff Bacon.

15. Pursuant to the terms of the parties' contract, Luckey agreed, among other things, to maintain information received from Seidl in the strictest confidence and not to use confidential information received from Seidl for his own benefit.

16. On August 23, 2011, Luckey shipped a prototype head mounted display to Seidl.

17. Throughout the latter half of 2011 and into 2012, Seidl provided confidential feedback and information to Luckey in order to improve the design of the head mounted display.

18. Without informing the Partnership, on information and belief, Luckey took the information he learned from the Partnership, as well as the prototype that he built for the TRT using design features and other confidential information and materials supplied by the Partnership, and passed it off to others as his own.

19. For instance, without informing the Partnership, in 2012 during the term of the parties' agreement, Luckey pursued a Kickstarter campaign to promote a highly immersive, wide field of view, stereoscopic headmounted display at an affordable price – a device that Luckey named the Oculus Rift.

20. On June 12, 2012, Luckey formed Oculus LLC.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### (As Against Luckey)

21. TRT realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 20.

22. TRT entered into a contractual relationship with Luckey.

23. Luckey was obligated not to share any information, including confidential information, provided to him by TRT or its partners with others or to rely upon that information for his benefit.

24. Luckey was obligated not to use the property that was the subject matter of the contract for his benefit.

25. Luckey was obligated not to work with others using Partnership information during at least the first year of the contract.

26. TRT performed all conditions, covenants, and promises required to be performed on its part.

27. Luckey breached the contract by, among other things, sharing confidential information provided by TRT, using the property of the Partnership, working with others instead of the Partnership, exploiting Partnership information for his own gain, raising money for his own use based upon Partnership work and material, and other acts of breach.

28. As a result of Luckey's contractual breach, TRT has been injured in an amount to be determined.

29. TRT will suffer irreparable injury by reason of the acts, practices, and conduct of Luckey alleged above until and unless the Court enjoins such acts, practices, and conduct.

## SECOND CAUSE OF ACTION

**(Breach of the Duty of Good Faith and Fair Dealing)**

**(As Against Luckey)**

30. TRT realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 29.

31. In addition to the breach of contract set forth above, Luckey has breached the duty of good faith and fair dealing inherent in every contract through his actions, including frustrating the purpose of the contract by using the Partnership's prototype for his own purposes, misleading the Partnership, using Partnership confidential information for his own purposes, and sharing such information with third parties.

32. As a result of Luckey's breach of the covenant of good faith and fair dealing, TRT has been injured in an amount to be determined.

## THIRD CAUSE OF ACTION

**(Conversion)**

**(As Against All Defendants)**

33. TRT realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 32.

34. At various times throughout 2012 and after, the Defendants knowingly converted to the Defendants' own use property owned by TRT. The property converted consists, at a minimum, of a prototype virtual reality headset and associated technology built for and in conjunction with TRT.

35. Following conversion of TRT's property, Defendants have represented the property to be theirs without credit or compensation being provided to TRT.

36. Defendants have monetized the converted assets without TRT's consent resulting in damages to TRT in an amount to be determined.

37. Defendants are jointly and severally liable for the wrongful conduct set forth herein because they aided and abetted each other and/or conspired to commit such wrongful conduct.

38. The conduct by Defendants was fraudulent, oppressive, and malicious, and as such constitutes the basis for the award of punitive damages pursuant to California Civil Code 3294.

## FOURTH CAUSE OF ACTION

**(Constructive Fraud)**

**(As Against All Defendants)**

39. TRT realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 38.

40. Because of their contractual, personal, and confidential relationship, TRT put its trust in Luckey.

41. Luckey, assisted by those acting in concert with Luckey including Oculus, breached his duties to TRT, intentionally misled TRT and its partners, and gained an advantage over TRT.

42. Had Luckey disclosed his intention to breach TRT's agreement and confidential relationship, TRT would have acted differently.

43. As a result of Defendants' intentional actions, TRT was damaged, and Luckey was unjustly enriched with the proceeds of his wrongdoing.

44. Defendants are jointly and severally liable for the wrongful conduct set forth herein because they aided and abetted each other and/or conspired to commit such wrongful conduct.

45. The conduct by Defendants was fraudulent, oppressive, and malicious, and as such constitutes the basis for the award of punitive damages pursuant to California Civil Code 3294.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A. For compensatory damages;

B. For disgorgement of any proceeds obtained by wrongful act;

C. For constructive trust;

D. For an accounting;

E. For interest to the extent permitted by law;

F. For an award of exemplary and punitive damages;

G. For injunctive relief; and

G. For such other and further relief as the Court may deem proper.

Dated: May 20, 2015          Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   /s/ *Robert Stone*

Robert Stone
Robert Feldman
Brian Cannon

Attorneys for Plaintiff TRT

## DEMAND FOR JURY TRIAL

Plaintiff Total Recall Technologies hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 20, 2015

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: /s/ *Robert Stone*

Robert Stone
Robert Feldman
Brian Cannon