**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5001**

March 2, 2016

WRITER'S INTERNET ADDRESS
**robertstone@quinnemanuel.com**

<u>VIA E-FILING</u>

Honorable William Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Total Recall Technologies v. Palmer Luckey and Oculus VR, Inc*.
      Case No. 3:15-CV-02281-WHA

Dear Judge Alsup:

Plaintiff Total Recall seeks the Court's assistance in connection with two discovery matters. First, we have not been able to obtain a date for defendant Palmer Luckey's deposition in this case. Second, we have not been able to obtain copies of the deposition transcripts of Mr. Luckey (and other Oculus employees) from other actions.

The Court is fully aware of the allegations in the case: Total Recall asserts that Palmer Luckey breached a contract to design a head mounted display for Total Recall and that his conduct constituted constructive fraud and unfair competition. The product at issue was named the "Oculus Rift."

Trial in this matter is set for September 12, 2016.

Mr. Luckey and Oculus have also been sued in Texas for breach of another agreement relating to the development of the Oculus Rift. *Zenimax Media Inc. v. Oculus VR, Palmer Luckey and Facebook, Inc.*, No. 3:14-cv-01849-P (N.D. Tex.). Total Recall understands that Mr. Luckey, as well as other witnesses with knowledge of the development of the Oculus Rift, have been deposed in the *Zenimax* litigation. The same law firm that represents Mr. Luckey and Oculus in the *Zenimax* case—Cooley LLP—represents those parties in the case before this Court.

At the outset of discovery—in August 2015—Total Recall requested copies of documents related to the *Zenimax* litigation. *See, e.g.,* Ex. A.[1] On October 13, 2015, this Court ordered defendants

---

[1]   Excerpts from Total Recall's August 5, 2015 document requests, including No. 48: "All DOCUMENTS relating to any lawsuit, administrative proceeding, or other proceeding involving

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

to produce all documents within four weeks of the date of the Order. Dkt. No. 61.  Pursuant to that Order, defendants should have promptly produced the deposition transcripts as the deposition transcripts were obtained.

More recently, Total Recall requested dates for Mr. Luckey's deposition.  Ex. B.  Although we understand that Mr. Luckey may work in or frequently visit the Bay Area, we are willing to travel to whatever location is most convenient for Mr. Luckey.  Ex. C.

Defendants have produced no transcripts from the *Zenimax* case.

Defendants have offered no date for Mr. Luckey's deposition.

The parties have met and conferred and exchanged correspondence.  Ex. C.[2]

Given that there is a comprehensive protective order in this case (Dkt. Nos. 58, 67), there is no valid reason to delay production of the transcripts.  Accordingly, Total Recall requests that defendants be ordered to produce immediately all relevant deposition transcripts from the *Zenimax* case, including the transcripts of Messrs. Luckey and John Carmack, the latter of whom is Chief Technical Officer for Oculus.[3]

Given the complete lack of dates provided by defendants and their attempt to couple Mr. Luckey's deposition with every other discovery issue in this action (*see* Ex. C),  it appears that defendants intend to delay providing Mr. Luckey for deposition as long as possible to the prejudice of Total Recall.

Accordingly, Total Recall requests that defendants be ordered to make Mr. Luckey available for deposition on a date during the week of March 14.

Respectfully submitted,

Robert W. Stone
Counsel for Plaintiff

---

OCULUS RIFT or any HEAD MOUNTED DISPLAY, including, without limitation, all discovery responses and documents produced in the action: *Zenimax, et al. v. Oculus VR, LLC, et al.,* Civil Action No. 3:4-0189-P (N.D. Tex.)."

[2]  Defendants have said they may produce the transcripts at some future point before the unscheduled Luckey deposition, but they indicated that unspecified concerns with the protective order in the *Zenimax* case may preclude any production.  Such delay and qualification is unacceptable for the production of critical documents in this action.

[3]  Although this letter brief is primarily directed to the *Zenimax* case, defendants should also produce any other deposition transcripts for Mr. Luckey as well as other relevant witnesses concerning the formation of Oculus or development of the Oculus Rift.