COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:      (415) 693-2000
Facsimile:      (415) 693-2222

COOLEY LLP
MARK F. LAMBERT (197410) (mlambert@cooley.com)
ANGELA L. DUNNING (212047) (adunning@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:      (650) 843-5000
Facsimile:      (650) 849-7400

Attorneys for Defendants
PALMER LUCKEY and OCULUS VR, LLC.

DURIE TANGRI LLP
RAGESH K. TANGRI (159477) (rtangri@durietangri.com)
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:      (415) 362-6666
Facsimile:      (415) 236-6300

Attorneys for Defendant
PALMER LUCKEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TOTAL RECALL TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> PALMER LUCKEY and OCULUS VR, LLC as successor-in-interest to OCULUS VR, INC., <br><br> Defendants. | Case No. 3:15-cv-02281 (WHA) <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD BY PLAINTIFF AS PRIVILEGED** <br><br> Date:      March 29, 2016 <br> Time:      1:00 p.m. <br> Location: Courtroom 8, 19th Floor <br> Judge:    Hon. William H. Alsup <br><br> **Trial Date:  September 12, 2016** |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1

**TABLE OF CONTENTS**

2

**Page**

3  NOTICE OF MOTION AND MOTION ...................................................................................... 1

4  STATEMENT OF RELIEF SOUGHT ...................................................................................... 1

   MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

5  I.      INTRODUCTION ........................................................................................................ 1

6  II.     STATEMENT OF RELEVANT FACTS AND ALLEGATIONS ........................................ 2

7  III.    ARGUMENT ................................................................................................................ 3

           A.      Legal Standards ................................................................................................ 3

8          B.      TRT's Communications with Hevrony, Schorr and Hoult Are Not Privileged,
                   and Waived Privilege Over Any Attorney-Client Communications Shared
9                  With Them ........................................................................................................ 6

10                 1.      Disclosure to Hevrony was not "reasonably necessary" and constituted
                           a waiver of any attorney communications shared with him ........................... 6

11                 2.      TRT's communications with Schorr and Hoult are not privileged and
                           should be produced .................................................................................... 7

12 IV.    CONCLUSION .............................................................................................................. 8

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

i.

**DEFENDANTS' MOT. TO COMPEL DOCUMENTS
IMPROPERLY WITHHELD AS PRIVILEGED
(CASE NO. 3:15-CV-02281 WHA)**

1

TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Bank of the W. v. Valley Nat'l Bank of Ariz.*,
5
   132 F.R.D. 250 (N.D. Cal. 1990)......................................................................................3, 5, 6

6
*Cooke v. Super. Ct.*,
   83 Cal. App. 3d 582 (1978) .......................................................................................5, 8

7

8
*D. I. Chadbourne, Inc. v. Super. Ct.*,
   60 Cal. 2d 723 (1964) .......................................................................................................4

9
*Doublevision Entm't, LLC v. Navigators Specialty Ins. Co.*,
   No. C 14-02848 WHA, 2015 WL 370111 (N.D. Cal. Jan. 28, 2015) (Alsup, J.)............................3
10

11
*Ins. Co. of N. Am. v. Super. Ct. ("INA")*,
   108 Cal. App. 3d 758 (1980) ................................................................................4, 5, 7

12

**Statutes**

13

Cal. Evid. Code
14
   § 912.....................................................................................................................4, 5, 6
   § 954.................................................................................................................................4
15

Fed. R. Evid.
16
   501....................................................................................................................................3

17

**Other Authorities**

18

Fed. R. Civ. P.
19
   26......................................................................................................................................3

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

ii.

1

<u>**NOTICE OF MOTION AND MOTION**</u>

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that on March 29, 2016 at 1:00 p.m., or as soon thereafter as

4

this motion may be heard in Courtroom 8, 19th Floor, of the above-titled Court, located at 450

5

Golden Gate Avenue, San Francisco, California, Defendants Palmer Luckey and Oculus VR,

6

LLC ("Oculus") (together, "Defendants") will, and hereby do, move the Court for an order

7

compelling the production of documents improperly withheld from discovery by plaintiff Total

8

Recall Technologies ("TRT") on the basis of attorney-client privilege.  This motion is based on

9

this notice, the supporting memorandum of points and authorities, the accompanying Declaration

10

of Angela L. Dunning ("Dunning Decl.") and exhibits attached thereto, the record in this case,

11

and on such other oral and documentary evidence as may be presented at the hearing on this

12

motion.

13

<u>**STATEMENT OF RELIEF SOUGHT**</u>

14

Defendants seek an order from the Court compelling TRT to produce to Defendants

15

documents that TRT has improperly withheld as privileged.

16

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

17

**I.    INTRODUCTION**

18

TRT improperly seeks to shield more than 70 separate emails from production under the

19

guise of the attorney-client privilege.  TRT contends that the emails contain or reflect legal advice

20

TRT solicited or received from its attorneys, and that it is therefore entitled to withhold the emails

21

from Defendants in discovery.  However, any legitimate claim of privilege was waived when

22

TRT partner Ron Igra voluntarily and intentionally shared these communications with third

23

parties Micky Hevrony, Sasha Schorr and Stacey Hoult.  As TRT concedes, these individuals are

24

not attorneys and have no affiliation with or financial interest in TRT.  Moreover, the withheld

25

emails include discussions Igra had with Hevrony about Igra's separate lawsuit in Hawaii *against*

26

the other TRT partner, Thomas Seidl.  TRT can manufacture no legitimate basis to assert

27

attorney-client privilege over communications between Igra and a non-lawyer regarding in-

28

fighting among TRT's two partners.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

DEFENDANTS' MOT. TO COMPEL DOCUMENTS
IMPROPERLY WITHHELD AS PRIVILEGED
(CASE NO. 3:15-CV-02281 WHA)

1   Because Hevrony, Schorr and Hoult are third parties with no connection to TRT, their

2   communications with Igra are not privileged.  Moreover, TRT has waived the attorney-client

3   privilege over any attorney advice or communications that were simultaneously or subsequently

4   discussed or shared with these individuals.  TRT should be ordered to produce to Defendants all

5   communications with Hevrony, Schorr and Hoult, as well as any attorney communications that

6   may have been forwarded to or discussed with them.

7   **II.      STATEMENT OF RELEVANT FACTS AND ALLEGATIONS**

8              On August 6, 2015, Defendants served TRT with a first set of document requests.

9   (Dunning Decl. ¶ 2.)[1]   Thereafter, TRT produced documents in October and December 2015, at

10  which time it also provided a privilege log.  (¶ 3.)  The log indicated that TRT was withholding

11  over seventy emails between Ron Igra (one of TRT's two purported partners) and third parties

12  Micky Hevrony, Sasha Schorr and Stacey Hoult on the ground that these communications

13  forward or otherwise reflect legal advice from TRT's attorneys and are therefore protected by the

14  attorney-client privilege.  (¶ 4.)

15             On January 12, 2016, defense counsel requested by letter that TRT produce each of these

16  emails in full.  (Ex. A (1/12/2016 Letter from A. Dunning).)   In response, TRT's counsel

17  conceded that the individuals in question are not attorneys and have no employment or other

18  affiliation with or financial interest in TRT.  (Ex. B (1/21/2016 Letter from C. Stiernberg) at 5–6.)

19  Nevertheless, TRT refused to produce the emails on the ground that they are protected by the

20  attorney-client privilege and immune from discovery under the California Evidence Code.  (*Id.*)

21             On January 29, 2016, defense counsel again wrote to counsel for TRT, providing

22  additional authority demonstrating that the emails at issue are not privileged and constitute a

23  waiver of any claim to privilege over the communications they forward or contain.  (Ex. C

24  (1/29/2016 Letter from A. Dunning) at 4–5.)  TRT's counsel did not respond to this letter.  (¶ 8.)

25  Instead, on February 5, 2016, TRT provided Defendants with an amended privilege log.[2]  (Ex. D

---

[1] Unless otherwise stated, further citations herein to "¶ _" and "Ex. _" are to the Dunning
Declaration and exhibits thereto.
[2] The February 5 log was designated in its entirety as "Highly Confidential – Attorneys' Eyes
Only."  On March 7, 2016, TRT reproduced the identical log without any designation.  (¶ 9.)

DEFENDANTS' MOT. TO COMPEL DOCUMENTS
IMPROPERLY WITHHELD AS PRIVILEGED
(CASE NO. 3:15-cv-02281 WHA)

(TRT 3/07/2016 amended privilege log).)   However, the amended privilege log continued to assert privilege over each of the third-party communications at issue.  (*Id.*)[3]  For example:

- Entry No. 43 logs an email from Igra to Hevrony allegedly "forwarding attorney-client communication re anticipated litigation with Luckey and Oculus";

- Entry Nos. 67–68 log an email (and attachment) from Igra to Hevrony and Robert Stone of Quinn Emanuel, allegedly "seeking legal advice re anticipated litigation with Luckey and Oculus";

- Entry Nos. 118–20 log emails between Igra and Hevrony allegedly "discussing and reflecting legal advice re anticipated litigation with Luckey and Oculus and Igra-Seidl Hawaii action";

- Entry No. 540 logs an email from Igra to Seidl and Hoult allegedly "reflecting legal advice re tax planning"; and

- Entry Nos. 835–37 log an email (with two attachments) from Igra to Schorr allegedly "forwarding work product re patent prosecution."

(*Id.*)

On February 19, 2016, counsel for the parties participated in a telephonic meet-and-confer. (¶ 10.)  During the conference, counsel for TRT refused once again to produce the emails in question.  (*Id.*)  Accordingly, Defendants now respectfully request that the Court order TRT to produce the withheld emails (with attachments) in full.

**III.    ARGUMENT**

**A.    Legal Standards**

Federal Rule of Civil Procedure 26 provides for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  In determining whether a party is entitled to assert privilege over information sought in discovery, federal courts look to state privilege law in diversity cases such as this.  *See* Fed. R. Evid. 501; *Bank of the W. v. Valley Nat'l Bank of Ariz.*, 132 F.R.D. 250, 251 (N.D. Cal. 1990) ("In this diversity action, California law governs resolution of issues arising out of plaintiff's invocation of the attorney-client privilege."); *Doublevision Entm't, LLC v.*

---

[3] *See* Entry Nos. 40, 43–44, 51, 53, 67–68, 70, 72, 75–79, 81, 85–91, 118–20, 123, 132, 135, 143–52  282–84, 287–88, 540–41, 543–44, 549–50, 615, 695–97, 700, 702–04, 716–17, 722–31, 733, 736–40, 743, 747–49, 779–80, 782, 791, 794, 802–11, 835–37, 1077–78, 1089–92.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

DEFENDANTS' MOT. TO COMPEL DOCUMENTS
IMPROPERLY WITHHELD AS PRIVILEGED
(CASE NO. 3:15-CV-02281 WHA)

1    *Navigators Specialty Ins. Co.*, No. C 14-02848 WHA, 2015 WL 370111, at \*2 (N.D. Cal. Jan. 28,

2    2015) (Alsup, J.) (same).  In this case, TRT concedes that California law governs its assertions of

3    privilege.  (Ex. B at 5 (citing the California Evidence Code as the basis for TRT's claims of

4    privilege).)

5        California's privilege law is codified in the California Evidence Code.  Section 954 of the

6    California Evidence Code provides:

7        Subject to Section 912 . . . , the client, whether or not a party, has a privilege to
         refuse to disclose, and to prevent another from disclosing, a confidential
8        communication between client and lawyer.

9    Cal. Evid. Code § 954.

10       Section 912(a), in turn, provides that voluntary disclosure of privileged communications

11   to third parties will waive the privilege as to those communications:

12       [T]he right of any person to claim a privilege provided by Section 954 (lawyer-
         client privilege) . . . is waived with respect to a communication protected by the
13       privilege if any holder of the privilege, without coercion, has disclosed a
         significant part of the communication or has consented to disclosure made by
14       anyone.

15   Cal. Evid. Code § 912(a).  *See also D. I. Chadbourne, Inc. v. Super. Ct.*, 60 Cal. 2d 723, 735

16   (1964) ("[W]here the client communicates with his attorney in the presence of other persons who

17   have no interest in the matter, or where he communicates in confidence but later breaches that

18   confidence himself, he is held to have waived the privilege.") (citation omitted).

19       Finally, section 912(d) clarifies the limited circumstances in which disclosure of a

20   privileged communication to a third party will not constitute a waiver:

21       A disclosure in confidence of a communication that is protected by . . . Section
         954 (lawyer-client privilege), . . . when disclosure is reasonably necessary for the
22       accomplishment of the purpose for which the lawyer . . . was consulted, is not a
         waiver of the privilege.
23

24   Cal. Evid. Code § 912(d).  That is, voluntary disclosure of a privileged communication to a third

25   party will constitute a waiver unless the disclosure is made "in confidence" and is "reasonably

26   necessary" for the accomplishment of the purpose for which the client consulted the lawyer.  *Id.*;

27   *see also Ins. Co. of N. Am. v. Super. Ct. ("INA")*, 108 Cal. App. 3d 758, 765 (1980) (the

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

1    "involvement of an unnecessary third person in attorney-client communications destroys

2    confidentiality").

3        In determining whether a disclosure was reasonably necessary, "the key concept" is the

4    third party's "need to know" the disclosed information. *INA*, 108 Cal. App. 3d at 765. The client

5    and third party receiving the information must share an "identical legal interest with respect to the

6    subject matter of a communication between an attorney and a client concerning legal advice." *Id.*

7    at 769 (citation omitted). "The key consideration is that the nature of the interest be identical, not

8    similar, and be legal, not solely commercial . . . ." *Id.* (citation omitted). Accordingly, disclosure

9    of attorney-client communications to a third party will waive the privilege unless the purpose of

10   the disclosure is to ensure that the third party is "legitimately kept informed of the progress of a

11   lawsuit that directly involve[s] the business with which they [a]re associated." *Cooke v. Super.*

12   *Ct.*, 83 Cal. App. 3d 582, 588 (1978); *see also Bank of the W.*, 132 F.R.D. at 260 (to maintain

13   privilege, third party must be "associated with the business that the lawyer is representing").

14       Applying the foregoing principles, the *INA* court held, for instance, that communications

15   between INA and its attorneys regarding legal strategy for defending against asbestos litigation

16   remained privileged notwithstanding that the meeting was attended by the Vice President for legal

17   of INA's parent corporation, as well as the president of another of the parent's wholly owned

18   subsidiaries. 108 Cal. App. 3d at 769–70. No waiver occurred because each attendant of the

19   meeting needed to know the information disclosed and shared an identical interest—as parties

20   under common control and facing identical exposure to asbestos liability—in the outcome of the

21   lawsuit in which both INA and its parent company were named as defendants. *Id.*

22       Conversely, in *Bank of the West*, the court rejected a claim of privilege and found a waiver

23   under California Evidence Code section 912 where communications between Bank of the West

24   ("BOW") and its attorneys at Buchalter Nemer were shared with a third party, Valley National

25   Bank ("VNB"). 132 F.R.D. 250, 260–61. BOW and VNB had both been involved in a loan

26   transaction with a third company, Technical Equities Corporation ("TEC"). When TEC failed, it

27   sued BOW. During the course of that litigation, Buchalter repeatedly shared its views about the

28   TEC litigation, as well as draft pleadings and strategy considerations regarding the litigation and

1  possible settlement, with VNB and its counsel.  Thereafter, in subsequent litigation between

2  BOW and VNB, VNB sought discovery regarding Buchalter's advice and communications in the

3  TEC litigation, and BOW objected on privilege grounds.  The court rejected BOW's assertion of

4  privilege, finding a subject matter waiver under Section 912.  The court explained:

5  
6  
7  
> [I]t simply cannot be said that BOW's lawyers had any need to share substantial information with or acquire substantial information from VNB in order to defend BOW in the pending suits.  The Buchalter lawyers certainly could have represented BOW in the TEC litigation quite well without sharing their legal analyses, tactical plans and settlement strategies with VNB and its counsel.

8  *Id.* at 260.  Accordingly, the court concluded that BOW had "waived the protections of the

9  attorney-client privilege with respect to communications about how to analyze, handle, and

10  dispose of (by settlement or otherwise) the TEC litigation[]." *Id.* at 261.

11  
12  
**B.      TRT's Communications with Hevrony, Schorr and Hoult Are Not Privileged, and Waived Privilege Over Any Attorney-Client Communications Shared With Them**

13  TRT concedes that Hevrony, Schorr and Hoult are not attorneys.  TRT further concedes

14  that these individuals have no affiliation with TRT and no financial or other interest of any kind

15  in this litigation.  (Ex. B at 5–6.)  Nevertheless, TRT contends that disclosure of otherwise

16  privileged communications between TRT and its attorneys to these individuals did not constitute

17  a waiver because such disclosure was "reasonably necessary" to accomplish the purpose for

18  which TRT consulted counsel.  (*Id.*)  TRT is wrong.

19  
20  
**1.      Disclosure to Hevrony was not "reasonably necessary" and constituted a waiver of any attorney communications shared with him**

21  According to TRT, Micky Hevrony is the CEO of Igra Group Ltd., a "real estate and

22  consulting company in Israel founded by Joab Igra (Ron Igra's father), for whom Mr. Igra

23  works."  (Ex. B at 5.)  TRT's counsel conceded during the February 19 telephonic conference that

24  Hevrony has never been an employee or paid consultant of TRT and has no financial interest in

25  TRT.  (¶ 10.)  Nor does he have any cognizable interest (financial or otherwise) in the lawsuit

26  between TRT and Defendants Luckey and Oculus.  Neither he nor Igra Group Ltd. is a defendant

27  in this case or has had any involvement in the dispute.  He is a complete stranger to this litigation.

28  

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6.

DEFENDANTS' MOT. TO COMPEL DOCUMENTS
IMPROPERLY WITHHELD AS PRIVILEGED
(CASE NO. 3:15-CV-02281 WHA)

1    In addition, it is clear from TRT's privilege log that Igra's purposes in consulting with

2 Hevrony were purely personal, and not for the benefit of TRT.  For example, Entry Nos. 118

3 through 120 and 123 reflect communications between Igra and Hevrony regarding the "Igra-Seidl

4 Hawaii action."  (Ex. D.)[4]  As this Court is well aware, the Igra-Seidl Hawaii action is a lawsuit

5 brought by Igra *against* Seidl, his purported partner in TRT, for refusing to authorize this lawsuit

6 against Defendants.  These entries further destroy any fiction that TRT and Hevrony's interests

7 were aligned with respect to this litigation; Hevrony was aligned solely with Igra.

8    In sum, Hevrony and TRT do not share an "identical legal interest with respect to the

9 subject matter" of the communications TRT seeks to withhold on privilege grounds.  *INA*, 108

10 Cal. App. 3d at 769.  To the contrary, Hevrony has no legitimate interest in such communications

11 or this litigation at all.  As such, he had no "need to know" the content of the advice TRT

12 received from its counsel.  *Id.* at 765.  By sharing attorney communications and advice with

13 Hevrony, Igra waived privilege with respect to those communications.[5]  Accordingly, the Court

14 should order TRT to produce the withheld emails between Igra and Hevrony, as well as any

15 attorney-client communications between TRT and its lawyers that were discussed or shared with

16 Hevrony.

17         **2.    TRT's communications with Schorr and Hoult are not privileged and
               should be produced**
18

19    Stacey Hoult and Sasha Schorr similarly lack any interest in or affiliation with TRT.

20 According to TRT, Hoult is employed as an assistant at a company called Designers Walk, a

21 "commercial real estate business related to Igra Group in Toronto, ON, for which Mr. Igra serves

22 as managing director."  (Ex. B at 6.)  Similarly, Schorr is employed as an assistant by Executive

23 Lifestyle, Inc., a "vacation rental business related to Igra Group in Paia, Hawaii, for which Mr.

24

25 [4] *See also* Entry Nos. 779–80, 782, 1077–78.

26 [5] TRT's assertion that Igra "relies heavily on the advice of Mr. Hevrony" (Ex. B at 5–6) does not
alter the analysis.  If TRT needed help in understanding the advice TRT received from its
27 attorneys (*id.* at 5), he should have sought clarification from those attorneys or consulted with a
different firm.  His choice to instead pass attorney communications around to non-attorney third
28 parties constituted a waiver of the privilege.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7.

DEFENDANTS' MOT. TO COMPEL DOCUMENTS
IMPROPERLY WITHHELD AS PRIVILEGED
(CASE NO. 3:15-CV-02281 WHA)

1   Igra serves as president." (*Id.*)  These individuals and companies have no financial, business or

2   other interest in TRT or this litigation.  Moreover, TRT does not even assert that these individuals

3   were instructed to maintain the communications shared with them in confidence.  Accordingly,

4   TRT's disclosure of attorney-client communications and advice to Schorr and Hoult waived the

5   privilege with respect to those communications.  *See Cooke*, 83 Cal. App. 3d at 588 (to avoid

6   wavier, third party must be "associated" with business that is the subject of the lawsuit to which

7   the privileged communications pertain).  Accordingly, the Court should order TRT to produce the

8   withheld emails between Igra and Schorr/Hoult, as well as any attorney-client communications

9   between TRT and its lawyers that were discussed or shared with these third parties.

10   **IV.    CONCLUSION**

11       For the foregoing reasons, Defendants respectfully request the Court issue an order

12   compelling TRT to produce all of the documents reflected in TRT's privilege log at Entry Nos.

13   40, 43–44, 51, 53, 67–68, 70, 72, 75–79, 81, 85–91, 118–20, 123, 132, 135, 143–52  282–84,

14   287–88, 540–41, 543–44, 549–50, 615, 695–97, 700, 702–04, 716–17, 722–31, 733, 736–40, 743,

15   747–49, 779–80, 782, 791, 794, 802–11, 835–37, 1077–78, 1089–92, as well as any attorney-

16   client communications discussed or reflected in these communications.

17

18   Dated: March 8, 2016                    COOLEY LLP

19                                           By:    /s/ *Angela L. Dunning*
                                                    Angela L. Dunning
20
                                            Attorneys for Defendants
21                                          PALMER LUCKEY and OCULUS VR, LLC.

22

23   Dated: March 8, 2016                    DURIE TANGRI LLP

24                                           By:    /s/ *Ragesh K. Tangri*
                                                    Ragesh K. Tangri
25
                                            Attorneys for Defendant
26
                                            PALMER LUCKEY
27

28

8.

**DEFENDANTS' MOT. TO COMPEL DOCUMENTS
IMPROPERLY WITHHELD AS PRIVILEGED
(CASE NO. 3:15-CV-02281 WHA)**

1

2

*Filer's Attestation:* Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, Angela L. Dunning hereby attests that concurrence in the filing of this document has been obtained from all other signatories identified above.

3

By: ___/s/ *Angela L. Dunning*___
Angela L. Dunning

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9.

**DEFENDANTS' MOT. TO COMPEL DOCUMENTS
IMPROPERLY WITHHELD AS PRIVILEGED
(CASE NO. 3:15-CV-02281 WHA)**