IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOTAL RECALL TECHNOLOGIES,<br><br>  Plaintiff,<br><br>  v.<br><br>PALMER LUCKEY and OCULUS VR, LLC, as successor-in-interest to Oculus VR, Inc.,<br><br>  Defendants. | No. C 15-02281 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL** |

## INTRODUCTION

In this action for breach of a confidentiality agreement involving head-mounted virtual reality displays, plaintiff has asserted attorney-client privilege over more than seventy-five documents. Defendants move to compel the production of those documents. For the reasons stated below, defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiff Total Recall Technologies is a partnership of Ron Igra and Thomas Seidl. Total Recall brings this action against defendants Palmer Luckey and Oculus VR, LLC, claiming that Luckey breached a nondisclosure and exclusivity agreement that he entered into with Seidl (allegedly acting on behalf of Total Recall).

As part of its discovery responses in this action, Total Recall produced a privilege log indicating that it was withholding over seventy-five emails (and documents appended thereto) between Igra and Micky Hevrony, Sasha Schorr, and Stacey Hoult (none of whom are lawyers

or affiliated with any party in this action), respectively, on the grounds that those emails included or reflected legal advice from counsel for Total Recall. The emails in question forwarded or reflected legal advice concerning this litigation, patent prosecution, tax planning, as well as litigation between Igra and Seidl regarding whether Igra has authority to pursue this lawsuit without Seidl's consent.

Micky Hevrony is the CEO of a real estate company where Igra previously worked. Igra has known Hevrony for eighteen years in a personal and professional capacity, and he relies on Hevrony's advice as a business adviser, trusted friend, and confidante. Hevrony has attended attorney-client meetings with Igra to help Igra understand the legal advice given by Total Recall's counsel. Hevrony was never employed by Total Recall nor did he have any financial interest in it. Igra and Hevrony expressly agreed to keep any shared attorney-client communications confidential (Igra Decl. ¶¶ 5–9). The emails between Igra and Hevrony included attorney-client communications and work product relating to this litigation and parallel litigation in Hawaii between Igra and Seidl concerning the authorization of this action (*e.g.*, Dunning Decl., Exh. D, Entry Nos. 43, 67–68, 118–20, 716).

Sasha Schorr was one of Igra's personal assistants. Schorr was employed by a vacation rental business of which Igra was the president. Schorr was never employed by Total Recall nor did she have any financial interest in it. Igra had an understanding with Schorr that she was to maintain the confidentiality of matters relating to Total Recall (Igra Decl. ¶ 10). Only one email to Schorr (with two documents appended) appears on Total Recall's privilege log. The privilege log described that email as "Email forwarding work product re patent prosecution" (Dunning Decl., Exh. D, Entry Nos. 835–37). No emails from Schorr appear on the log. Igra forwarded that email to Schorr for clerical purposes, namely, so that she would print the appended documents and so she could return the signed documents to counsel for Total Recall (Igra Decl. ¶ 12).

Stacey Hoult was another of Igra's personal assistants. Hoult was employed by a commercial real estate business at which Igra worked as the managing director. Hoult was never employed by Total Recall nor did she have any financial interest in it. Igra and Hoult had

an understanding that Hoult was to maintain the confidentiality of matters relating to Total Recall (Igra Decl. ¶ 11). Only one email to Hoult (with one document appended) appears on Total Recall's privilege log. The privilege log descied that email as "Email reflecting legal advice re tax planning" (Dunning Decl., Exh. D, Entry Nos. 540–41). No emails from Hoult appear on the log. Igra forwarded that email to Hoult for clerical purposes, namely, so that she would process an invoice appended thereto (Igra Decl. ¶ 12).

Defendants now move to compel the production of all emails between Igra and Hevrony, Schorr, and Hoult, respectively, which Total Recall withheld on the basis of attorney-client privilege or work-product protection. This order follows full briefing and oral argument.

**ANALYSIS**

Defendants seek to compel the production of over seventy-five emails and documents appended thereto that Total Recall withheld on the basis of attorney-client privilege or work-product protection. Defendants contend that Total Recall waived any privilege or protection in those materials when Igra disclosed them to Hevrony, Schorr, or Hoult. Total Recall responds that Igra's disclosures did not constitute waivers of privilege because such disclosures were reasonably necessary for the accomplishment of the purpose for which Igra (as a partner of Total Recall) consulted his attorneys.[1]

Both sides agree that California law governs assertions of privilege in this action. Section 954 of the California Evidence Code provides:

> Subject to Section 912 and except as otherwise provided in this article, the client, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer if the privilege is claimed by:
>
> (a) The holder of the privilege; [or]
>
> (b) A person who is authorized to claim the privilege by the holder of the privilege;

---

[1] Neither side distinguishes between Total Recall's assertions of attorney-client privilege and work-product protection. Under California law, waiver of work-product protection "is generally found under the same set of circumstances as waiver of the attorney-client privilege." *DeLuca v. State Fish Co., Inc.*, 27 Cal. App. 4th 671, 688 (2013).

3

Section 952 provides that privilege applies to communications even if they are disclosed to "those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted." The Law Revision Commission Comments to the 1965 Amendment of Section 952 explain that the inclusion of "those who are present to further the interest of the client in the consultation" includes a person "such as a spouse, parent, business associate, or joint client . . . who is present to further the interest of the client in the consultation."

Similarly, Section 912 provides:

> (a) Except as otherwise provided in this section, the right of any person to claim [attorney-client privilege] . . . is waived with respect to a communication protected by the privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to disclosure made by anyone.
>
> . . .
>
> (d) A disclosure in confidence of a communication that is protected by [attorney-client privilege] . . . , when disclosure is reasonably necessary for the accomplishment of the purpose for which the lawyer . . . was consulted, is not a waiver of the privilege.

The California Court of Appeal summarized the foregoing as follows: "If the client discloses attorney-client communications to unnecessary third parties, he manifests an intent to waive confidentiality. The key concept here is need to know. While involvement of an *unnecessary* third person in attorney-client communications destroys confidentiality, involvement of third persons to whom disclosure is reasonably *necessary* to further the purpose of the legal consultation preserves confidentiality of communication." *Insurance Co. of North America v. Superior Court*, (*INA*), 108 Cal. App. 3d 758, 765 (1980). That conclusion followed from a decision by the California Supreme Court, which held that when "the client communicates with his attorney in the presence of other persons who have no interest in the matter . . . he is held to have waived the privilege." *Ibid.* (citing *D. L. Chadbourne, Inc. v. Superior Court*, 60 Cal. 2d 723, 736 (1964)). Finally, *INA* noted that the "need to know" concept "may also be seen in virtually all instances of waiver, where the third persons present

4

1  were found either to be strangers to the attorney-client consultation or to possess interests
2  adverse to the client." *Ibid.* (citing *People v. Poulin*, 27 Cal. App. 3d 54, 64 (1972)).

### 1. HEVRONY.

Defendants argue that Hevrony lacked any relationship to Total Recall, and as such, no disclosure to Hevrony was reasonably necessary to further the purpose for which Total Recall sought legal advice from its counsel. Accordingly, they argue, Igra's disclosure of attorney-client communications or work product to Hevrony waived Total Recall's privilege in those materials. Total Recall responds that Igra needed to disclose those materials on behalf of Total Recall, because Igra, as a partner in Total Recall, relied heavily on Hevrony's advice.

In *Cooke v. Superior Court*, 83 Cal. App. 3d 582, 588 (1979), the California Court of Appeal held that disclosure of privileged communications to business associates "who were legitimately kept informed of the progress of a lawsuit that directly involved the business with which they were associated" did not defeat privilege under Section 952.

The decision in *Bank of the West v. Valley National Bank of Arizona*, 132 F.R.D. 250, 260 (N.D. Cal. 1990) (Judge Wayne D. Brazil), noted that "it [was] not clear how far the *Cooke* court intended the phrase 'business associate' to reach," but Judge Wayne D. Brazil read *Cooke* to include "people who are employed by or who have a direct financial interest in the company or enterprise that has retained the lawyer . . . ." Applying that principle, *Bank of the West* held that a bank's disclosure of attorney-client communications to a second bank waived privilege over the materials disclosed, although both banks were defendants in the same litigation because counsel "could have represented [their client] in the [litigation at issue] quite well without sharing their legal analyses, tactical plans, and settlement strategies" with another defendant that shared no stake in the former's business, so disclosure was not reasonably necessary to further the reason the client consulted its counsel.

Total Recall argues that disclosure to Hevrony did not constitute a waiver notwithstanding Hevrony's lack of interest in Total Recall simply because he was Igra's trusted adviser, citing *Berger v. Seyfarth Shaw LLP*, No. 07-05279, 2008 WL 4681834, at *1 (N.D. Cal. Oct. 22, 2008) (Judge Maria-Elena James), as support. There, the defendant moved to compel

5

1  the production of attorney-client communications that the plaintiffs disclosed to a third party.
2  The plaintiffs had assigned a portion of the proceeds from their claim to that third party. Judge
3  Maria-Elena James held that *in camera* review of the withheld documents was appropriate
4  because she could "conceive of a situation where protected information disclosed to [the third
5  party] would remain protected under the attorney-client privilege, due to [his] status as a
6  business associate present to further the [plaintiffs'] interest in the meetings with their previous,
7  prospective, or current counsel, or as someone to whom disclosure was reasonably necessary to
8  accomplish the purpose of any of the aforementioned consultations." *Id.* at *3.

9  That is not our case. Here, Hevrony had no stake in Total Recall or in this litigation,
10 and he lacked any "need to know" the contents of any attorney-client communications between
11 Igra and his counsel. *See INA*, 108 Cal. App. 3d 758, 765. Igra was free to seek business
12 advice, but he could do so without revealing all of what his counsel said to Hevrony, who was
13 "a stranger to the attorney-client consultation." *Ibid.* Disclosure of attorney-client
14 communications to Hevrony was not reasonably necessary to accomplish purposes of Igra's
15 consultation and therefore constituted a waiver of privilege in the materials disclosed.
16 Accordingly, defendants' motion to compel emails between Igra and Hevrony that Total Recall
17 withheld as privileged is **GRANTED**.

   **2.  SCHORR AND HOULT.**

19 Defendants argue that Igra's disclosures to Schorr and Hoult constituted waivers
20 because they worked for Igra as personal assistants in ventures with no relationship to Total
21 Recall. Total Recall responds that Igra made these disclosures to Schorr and Hoult solely so
22 they could perform clerical functions (namely, printing), that enabled him to better review
23 advice from Total Recall's counsel.

24 In *INA*, 108 Cal. App. 3d at 770, the California Court of Appeal summarized its
25 understanding of Section 952 of the California Evidence Code "to mean that attorney-client
26 communications in the presence of, or disclosed to, clerks, secretaries, interpreters, physicians,
27 spouses, parents, business associates, or joint clients, when made to further the interest of the

client or when reasonably necessary for transmission or accomplishment of the purpose of the consultation, remain privileged."

Igra contends that his disclosure to his personal assistants was reasonably necessary for the *transmission* of communications between himself (as a partner of Total Recall) and counsel for Total Recall. Defendants do not dispute that Igra's disclosures to Schorr and Hoult in fact served that purpose. Rather, they contend that privilege can only survive disclosure to a personal assistant *of the client*, and Schorr and Hoult were not personal assistants *of Total Recall*, but rather *of Igra*. No published decision has addressed whether disclosure for clerical purposes only remains protected if the recipient is directly employed by the represented party, but such a narrow reading of the law as that proposed by defendants would unnecessarily obstruct the transmission of legal advice.[2]

Defendants failed to challenge Total Recall's assertion of privilege as to the disclosures to Schorr and Hoult on any basis other than waiver, and Total Recall's privilege log establishes an adequate prima facie entitlement to privilege as to those emails. Accordingly, defendants' motion to compel the documents designated by Entry Nos. 540–41 and 835–37 is **DENIED**.

## CONCLUSION

For the reasons stated above, defendants' motion is **GRANTED** as to the withheld emails between Igra and Hevrony and appended documents and **DENIED** as to the withheld emails to Schorr and Hoult. Total Recall must produce the emails between Igra and Hevrony and appended documents that appeared on the privilege log within **SEVEN CALENDAR DAYS** of this order.

**IT IS SO ORDERED.**

Dated: April 4, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] Notably, in an unpublished decision, *Shanahan v. Superior Court*, No. B220947, 2010 WL 2840254 (Cal. Ct. App. July 21, 2010), the California Court of Appeal held that a client's disclosure of documents relating to personal litigation to his secretary for printing purposes did not constitute a waiver of privilege even though the secretary was not the individual's employee, but rather an employee of the bank for which he worked.