IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOTAL RECALL TECHNOLOGIES,<br><br>　　　　Plaintiff,<br><br>  v.<br><br>PALMER LUCKEY and OCULUS VR, LLC, as successor-in-interest to Oculus VR, Inc.,<br><br>　　　　Defendants. | No. C 15-02281 WHA<br><br>**ORDER TO SHOW CAUSE RE STAY** |

    The Court continues to have concerns that Total Recall lacks standing to assert any claims in this case by reason of the failure of Thomas Seidl, a general partner of plaintiff Total Recall, to agree to pursue this action pursuant to paragraph 19 of the partnership agreement, which provides "Thomas Seidl or Ron Igra has the right to Vito [sic]. This means that for any decision regarding the company Ron Igra and Thomas Seidl have to agree on any action" (with certain exceptions not applicable here). For some time, there has been pending in Hawaii a lawsuit between Ron Igra (who has instigated our civil action in the name of Total Recall) and Seidl over Seidl's refusal to agree to our lawsuit.

    Initially, counsel for Igra and Total Recall represented to the undersigned judge that the Hawaii litigation would go to trial in May of this year and that the standing issue would be resolved one way or another at that time. In light of that representation, this Court has allowed

this action to proceed through discovery here in San Francisco. Now, unfortunately, Igra and Seidl have agreed to postpone the trial date to December.

This is unacceptable. It seems clear to the Court that Seidl has not approved our pending litigation and is waiting to see how it plays out. If Total Recall's case is a winner, then we can likely expect Seidl to ratify our lawsuit and join in. Conversely, if the instant lawsuit turns out to be a loser, then Seidl can avoid costs, Rule 11 sanctions, and any other sanctions that may be imposed on the losing party by saying he never agreed to this action.

The Court has learned that a massive discovery letter has been filed before Magistrate Judge Sallie Kim. It is most concerning that so many resources are being poured into this case which may have zero merit because Seidl did not "agree on" this action. In any event, the Court is equally concerned about the failure of the Hawaii litigation to come to its scheduled conclusion.

The parties are hereby ordered to **SHOW CAUSE**, in writing, by **APRIL 27 AT NOON** why this case should not be stayed in its entirety until such time as Seidl files herein an executed ratification of the complaint and all actions taken by counsel herein (as if approved from the outset) and acknowledges his potential liability for sanctions and costs awarded in this lawsuit as a general partner of Total Recall such that the issue of standing vanishes.

**IT IS SO ORDERED.**

Dated: April 21, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2