UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOTAL RECALL TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>PALMER LUCKEY, et al.,<br><br>Defendants. | Case No. 15-cv-02281-WHA   (SK)<br><br>**ORDER SETTING HEARING REGARDING DISCOVERY DISPUTE**<br><br>Regarding Docket No. 131 |

On April 21, 2016, the parties filed a joint letter brief presenting a discovery dispute to the Court concerning documents that Plaintiff Total Recall Technologies ("TRT") is refusing to produce on the grounds of attorney-client privilege and regarding documents that TRT produced but is claiming were inadvertently produced and that TRT claims are protected by attorney-client privilege. Upon consideration of the parties' letter brief and review of the documents *in camera*, the Court finds that a hearing would be beneficial. The Court HEREBY ORDERS the parties to appear for a hearing at 11:00 a.m. on May 16, 2016.

California Evidence Code section 912, subdivision (a) provides that

> . . . the right of any person to claim a privilege provided by Section 954 (lawyer-client privilege) . . . is waived with respect to a communication protected by such privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to such disclosure made by anyone. Consent to disclosure is manifested by any statement or other conduct of the holder of the privilege indicating consent to the disclosure, including failure to claim the privilege in any proceeding in which the holder has the legal standing and opportunity to claim the privilege.

The client, *i.e.* TRT, is the holder of the privilege. *See* Cal. Evid. Code. § 953. "A trial court called upon to determine whether inadvertent disclosure of privileged information constitutes waiver of the privilege must examine both the subjective intent of the holder of the privilege and

the relevant surrounding circumstances for any manifestation of the holder's consent to disclose the information." *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 652-53 (1999).  The California Supreme Court has embraced the approach adopted by the court in *State Compensation Insurance Fund.  See also Ardon v. City of Los Angeles*, 62 Cal. 4th 1176 (2016).  At the hearing, the parties should be prepared to discuss the circumstances surrounding the production and subsequent recall of the documents in question, as well as any evidence of TRT's subjective intent on this issue.

Moreover, the Court notes that California defines a confidential communication between a client and a lawyer to mean information transmitted them "in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, *and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship*." Cal. Evid. Code § 952.  Upon review of the documents *in camera*, including the material TRT produced but now claims were produced inadvertently, it appears that TRT has included conversations between Ron Igra and Thomas Seidl that do not include the transmission of any legal opinions or advice from TRT's counsel.  Igra's discussion of his personal opinions with Seidl or others regarding the merits of the lawsuit do not appear to be privileged communications.  The Court HEREBY DIRECTS TRT to review the documents it has withheld as privileged to determine whether any documents or portions of the documents do not actually fall within the protection of the attorney-client privilege.  At the hearing, TRT should be prepared to discuss which, if any, of the documents or portions thereof should be produced as not privileged.

**IT IS SO ORDERED**.

Dated: May 12, 2016

SALLIE KIM
United States Magistrate Judge

2