1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| TOTAL RECALL TECHNOLOGIES, | Case No.  15-cv-02281-WHA   (SK) |
| Plaintiff, | |
| v. | **ORDER RESOLVING DISCOVERY DISPUTE** |
| PALMER LUCKEY, et al., | |
| Defendants. | Regarding Docket No. 131 |

On April 21, 2016, the parties filed a joint letter brief presenting a discovery dispute to the Court concerning documents that Plaintiff Total Recall Technologies ("TRT") is refusing to produce on the grounds of attorney-client privilege and portions of documents that TRT is claiming were inadvertently produced but are protected by attorney-client privilege.  After careful consideration of the parties' positions, oral argument, and review of the documents *in camera*, for the reasons stated below, the Court HEREBY GRANTS IN PART and DENIES IN PART the motion to compel production.

**BACKGROUND**

TRT is a general partnership of Ron Igra and Thomas Seidl.  Igra and Seidl formed their partnership in 2010 with the goal of developing a head mounted display with certain characteristics.  (Second Amended Compl., ¶¶ 9, 10.)  TRT alleges that it retained an individual, Palmer Luckey, to develop a prototype in furtherance of this goal.  (*Id.*, ¶ 14.)  Igra became concerned that Luckey was breaching his agreements with TRT.  On April 11, 2014, Igra sued Seidl in Hawaii state court, alleging that Seidl breached the partnership agreement and his fiduciary duties to TRT by failing to provide his communications with Luckey to Igra.  (*See* Declaration of Declaration of Mark F. Lambert in Support of Defendants' Motion for Summary Judgment, Ex. H (Dkt. 136-8).)  The parties represent that the Hawaii litigation was dismissed

1    after Seidl provided the requested documents to Igra.  (Dkt. 79, 81.)  However, Igra sued Seidl

2    again in Hawaii state court on December 5, 2014.  (Dkt. 30-1.)

3        In the second Hawaii action, Igra alleged that TRT has viable claims against Luckey but

4    that Seidl has refused to provide any information or emails with Luckey to Igra to enable Igra to

5    evaluate TRT's potential claims.  (*Id.*, ¶¶ 28-30.)  Igra allegedly asked Seidl to cooperate in

6    pursuing TRT's claims against Luckey, but Seidl has and continues to refuse to authorize Igra to

7    pursue TRT's claims.  (*Id.*, ¶¶ 31, 36-37.)  Seidl answered and denied these allegations.  (Dkt. 79-

8    3.)  This action is still pending in Hawaii.  On May 20, 2015, Igra caused TRT to file this lawsuit

9    in this Court, with the law firm of Quinn Emmanuel Urquhart & Sullivan, LLP ("Quinn

10   Emmanuel firm") as counsel of record to TRT.  There is no indication that Seidl has taken any

11   action to void this action or to intervene in this action.

12       In this litigation, TRT originally produced a skype log of communications between Igra

13   and Seidl – with certain communications redacted for attorney-client privilege – in December

14   2015.  (Dkt. 131.)  The parties then met and conferred on March 29, 2016, regarding those

15   redactions, and TRT then produced a revised version of the same skype log with some of the

16   previously redacted material made visible, on March 30, 2016.  (*Id.*)  Then, during the deposition

17   of Seidl, TRT claimed that some of the communications in the March 30 skype log had been

18   inadvertently produced, and TRT produced another redacted version of the skype log on April 7,

19   2016.  (*Id.*)  Thus, TRT produced three versions of this skype log:  (1) December 2015, (2) March

20   30, 2016, and (3) April 7, 2016.

21       In addition, there was another version of a skype log of communications between Igra and

22   Seidl that was similar to but not identical to the skype log described above.  TRT redacted that

23   second skype log and produced it on April 4, 2016 and then attempted to "claw back"

24   (characterize as attorney-client privileged and regain possession of some of the produced

25   information) and provided another redacted form on April 7, 2016.  (*Id.*)  Thus, TRT produced

26   two versions of this second skype log.

27       The parties were operating under the terms of a protective order in this case.  (Dkt. 56.)

28   That protective order provides that the "inadvertent production" by a party of privileged material

United States District Court
Northern District of California

2

1   will not waive the privilege if a "notice and request for return of such inadvertently produced"

2   material is "made promptly after the Producing Party learns of its inadvertent production." (*Id.*)

3       The parties now have a dispute regarding communications between Igra and Seidl that

4   TRT has withheld and portions of two skype logs that TRT produced but now contends are

5   privileged and were inadvertently produced.  Defendants make several arguments as to why the

6   Court should find that the attorney-client privilege has been waived.  The Court will address each

7   argument in turn.

**ANALYSIS**

9       Defendants argue that the attorney-client privilege asserted by TRT regarding the disputed

10  documents has been waived on the following grounds: (1) Seidl and Igra have been adverse to

11  each other regarding this lawsuit and, therefore, Igra's disclosure of information to Seidl waived

12  the attorney-client privilege; (2) TRT waived the attorney-client privilege by disclosing some

13  communications between Igra and Seidl in which they discuss the merits of TRT's claims against

14  Luckey, and the effort to claw them back was ineffective; and (3) Igra's communications to

15  Hevrony, a third party, waived the privilege over the subject of those emails.

16  **A.    Communications Between Igra and Seidl.**

17      California law governs the application of privilege in this action and governs whether, as

18  Defendants contend, the attorney-client privilege has been waived.  *In re California Public*

19  *Utilities Com'n,* 892 F.2d 778, 781 (9th Cir.1989) ("In diversity actions, questions of privilege are

20  controlled by state law.") (citing Fed. R. Evid. 501).  California defines the a confidential

21  communication between an attorney and client in pertinent part as:

22          information transmitted between a client and his or her lawyer in the
            course of that relationship and in confidence by a means which, so
23          far as the client is aware, discloses the information to no third
            persons other than those who are present to further the interest of the
24          client in the consultation or those to whom disclosure is reasonably
            necessary for the transmission of the information or the
25          accomplishment of the purpose for which the lawyer is consulted,
            and includes a legal opinion formed and the advice given by the
26          lawyer in the course of that relationship.

27  Cal. Evid. Code § 952.  The California statute regarding waiver of privileges provides: "A

28  disclosure in confidence of a communication that is protected by a privilege provided by Section

3

United States District Court
Northern District of California

1   954 (lawyer-client privilege) . . ., when disclosure is reasonably necessary for the accomplishment

2   of the purpose for which the lawyer . . . was consulted, is not a waiver of the privilege."  Cal.

3   Evid. Code § 912(d).

4        TRT contends that Igra's communications with Seidl regarding Igra's conversations with

5   the Quinn Emmanuel firm (counsel to TRT in this matter) did not waive the attorney-client

6   privilege because, as general partners in TRT, they have a right to discuss the advice from TRT's

7   counsel.  Defendants counter that Seidl and Igra have been adverse to one another regarding the

8   claims against Luckey since at least December 2013 when Seidl told Igra not to contact Luckey or

9   start any legal action without talking to him first.  (Disc. Let. Br. (Dkt. 131) at 2.)  Therefore,

10  Defendants argue that Igra and Seidl waived the privilege because they cannot contend that they

11  are covered by the common interest doctrine.

12       The lawsuit in this Court was brought by the partnership, TRT.  TRT hired the Quinn

13  Emmanuel firm.  The claims asserted here and the attorney-client privilege belong to the

14  partnership, TRT.  As partners to TRT, both Igra and Seidl are considered clients of TRT's

15  counsel with respect to the counsel's litigation advice.  *See Wortham & Van Liew v. Superior*

16  *Court*, 188 Cal. App. 3d 927, 932 (1987) ("In the context of the representation of a partnership,

17  the attorney for the partnership represents all the partners as to matters of partnership business.").

18  Whether Seidl and Igra have a dispute between them and whether Seidl actually consents to the

19  lawsuit brought by TRT is an issue to be resolved between them either informally or through the

20  pending Hawaii action.  However, Seidl and Igra are still the two general partners of TRT, and

21  thus any communications between them, as agents of TRT, regarding TRT's counsel's advice do

22  not waive the privilege.

23       Defendants' reliance on the common interest doctrine and the adversity between Igra and

24  Seidl is misplaced.  The common interest doctrine provides that "[t]he privilege extends to

25  communications which are intended to be confidential, if they are made to attorneys, to family

26  members, business associates, or agents of the party or his attorneys on matters of joint concern,

27  when disclosure of the communication is reasonably necessary to further the interest of the

28  litigant."  *Oxy Resources Cal. LLC v. Sup. Ct.*, 115 Cal. App. 4th 874, 890 (2004).  Here, Igra and

United States District Court
Northern District of California

4

Seidl communicated about the merits of this litigation and the advice from TRT's counsel regarding this litigation, and thus the common interest doctrine encompasses their communications.[1]  Accordingly, the Court finds that communications between Igra and Seidl that discuss TRT's counsel's advice did not waive TRT's privilege.

**B.      Inadvertent Disclosure.**

Defendants argue that TRT did not inadvertently produce information that is arguably privileged and thus that they should be able to retain and use the March 30 version of the first skype log and the April 4 version of the second skype log.  TRT argues that its production of the March 30 version of the first skype log and the April 4 version of the second skype log was inadvertent and not a waiver of the privilege and that TRT's attempts to claw back the produced material was appropriate under the terms of the protective order.

California Evidence Code describes the waiver of attorney-client privilege in section 912, subdivision (a), which provides:

> . . . the right of any person to claim a privilege provided by Section 954 (lawyer-client privilege) . . . is waived with respect to a communication protected by such privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to such disclosure made by anyone.  Consent to disclosure is manifested by any statement or other conduct of the holder of the privilege indicating consent to the disclosure, including failure to claim the privilege in any proceeding in which the holder has the legal standing and opportunity to claim the privilege.

Here, the client, TRT, is the holder of the privilege.  *See* Cal. Evid. Code. § 953.  "A trial court called upon to determine whether inadvertent disclosure of privileged information constitutes waiver of the privilege must examine both the subjective intent of the holder of the privilege and the relevant surrounding circumstances for any manifestation of the holder's consent to disclose the information."  *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 652-53

---

[1] At the hearing on this discovery dispute, in an effort to further support their argument that communications to Seidl waived the privilege, Defendants cited to two cases that were not mentioned in the joint letter brief.  *See Tritek Telecom, Inc. v. Sup. Ct.*, 169 Cal. App. 4th 1385 (2009) and *La Jolla Cove Motel and Apartments, Inc. v. Sup. Ct.*, 121 Cal. App. 4th 773 (2004). Those cases concern the privilege when a director sues the corporate entity.  Those cases do not discuss privilege vis-à-vis a third party outside the corporate entity, and here, neither Igra nor Seidl has sued TRT.  Therefore, those cases are inapplicable.

1   (1999).  Courts must "look to the words and conduct of the holder of the privilege to determine

2   whether a waiver has occurred."  *State Comp.*, 70 Cal. App. 4th at 652.  The California Supreme

3   Court has embraced the approach adopted by the court in *State Compensation Insurance Fund.*

4   *Ardon v. City of Los Angeles*, 62 Cal. 4th 1176 (2016).

5          At the hearing, the parties further discussed the circumstances surrounding TRT's

6   production of less redacted versions of the skype logs and TRT's subsequent attempt to claw back

7   some of the information that had been provided in the March 30 version of the first skype log and

8   the April 4 version of the second skype log.  TRT's counsel revealed that TRT's counsel

9   communicated with Igra about the request to unredact portions of the skype logs and counsel's

10  effort to do so but, at the Court's request, TRT's counsel did not disclose the substance of those

11  conversations to the Court.  The less redacted versions (the March 30 version of the first skype log

12  and the April 4 version of the second skype log) were produced after this conversation.  There is

13  no indication that Igra ever objected to the production or expressed any concern over the

14  communications that were revealed.  Moreover, at Seidl's deposition, Seidl had a minute to review

15  the less redacted versions of the skype logs and answered questions for four minutes about the

16  communications captured in the skype logs before TRT's counsel objected and attempted to claw

    back a portion of these documents.

17         Although it appears that TRT's counsel probably now wishes it had done so more

18  carefully, TRT's counsel actually reviewed these skype logs and made a determination to reveal

19  the portions at issue in the March 30 version of the first skype log and the April 4 version of the

20  second skype log after a process of meeting and conferring with opposing counsel for the first

21  skype log and after discussing with the client the issues for both skype logs.  These actions do not

22  constitute "inadvertent production" and thus these actions constitute waiver and place the

23  produced material beyond the scope of the protective order.  The protective order, as noted above,

24  only allows a party to claw back materials in an "inadvertent production."  The actions by TRT's

25  counsel and client (TRT, acting through Igra) show a deliberate decision to disclose some

26  information.  Accordingly, the Court finds that TRT waived its attorney client privilege to the

27  extent it disclosed privileged communications in the skype logs, and TRT cannot now claw that

28

United States District Court
Northern District of California

material back.[2]

**C.     Disclosure to Micky Hevrony.**

This Court (Judge Alsup) has previously held that Igra waived TRT's attorney-client privilege when Igra disclosed information to his friend, Micky Hevrony. Defendants now argue that based on those disclosures, TRT waived that privilege concerning the merits of the Luckey lawsuit – subject matter waiver.

The applicable California statute provides that a privilege is waived "if any holder of the privilege, without coercion, has disclosed *a significant part of the communication* or has consented to disclosure made by anyone." Cal. Evid. Code § 912(a) (emphasis added). "[A] waiver under Evidence Code section 912 relates to the particular communication which has been revealed and not to all communications concerning the subject matter of the lawsuit." *Owens v. Palos Verdes Monaco,* 142 Cal. App. 3d 855, 870 (1983), *overruled on other grounds by Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal. 4th 503 (1994). Notably, under California law, "waiver of the attorney-client privilege is to be narrowly construed." *Garcia v. Progressive Choice Ins. Co.,* 2012 WL 3113172, *5 (S.D. Cal. July 39, 2012); *see also Employers Ins. of Wausau v. Cal. Water Serv. Co.,* 2007 WL 2947423, *4 n.3 (N.D. Cal. Oct. 9, 2007 ("California law jealously guards the attorney-client privilege and interprets all waivers narrowly."). "The scope of [the] waiver is narrowly defined and the information required to be disclosed must fit strictly within the confines of the waiver." *Sony Computer Entertainment America, Inc. v. Great American Ins. Co.,* 229 F.R.D. 632, 635 (N.D.Cal. 2005) (quoting *Transamerica Title Ins. Co. v. Sup. Ct,,* 188 Cal. App. 3d 1047 (1987) (limiting waiver under California law to single email and any follow-up emails).

Here, Igra did not share voluminous attorney-client privileged information with Hevrony. In an email dated February 9, 2014 to Hevrony, Igra summarized some legal advice he received

---

[2] The Court notes that much of the information that TRT contends was inadvertently produced does not appear on its face to be attorney-client privileged information. California defines a confidential communication between a client and an attorney as one that "includes a legal opinion formed and the advice given by the lawyer in the course of that relationship." Cal. Evid. Code § 952. Significant portions of the selected portions of the skype logs at issue do not appear to discuss any of TRT's counsel's legal opinions or advice regarding the claims against Luckey but rather seem to be the personal opinions of Igra and Seidl.

United States District Court
Northern District of California

1  from a lawyer in which he discussed the Non-Disclosure Agreement with Luckey and whether

2  Luckey has a release from Seidl.  In an email dated March 31, 2014 that Igra forwarded to

3  Hevrony, Igra briefly described his version of the facts underlying TRT's claims against Luckey to

4  attorney Robert Stone.  In an email dated April 4, 2014 that Igra forwarded to Hevrony, Stone

5  commented on the need to know about the communications between Seidl and Lucky, and

6  discussed an unrelated matter.  Igra forwarded to Hevrony an email dated April 6, 2014 in which

7  Stone commented that he needed to get the documents from Seidl regarding Luckey.  On

8  September 18, 2014, Igra forwarded to Hevrony a letter drafted from an attorney to send to Seidl's

9  attorney.  The letter briefly summarized the facts underlying TRT's claims against Luckey, and

10  discussed ways to move forward with partnership business.

11       In light of the fact that the scope of the waiver is construed narrowly, the Court finds that

12  Igra only waived the attorney-client privilege with respect to the content of these specific emails,

13  and not all communications concerning the subject matter of the lawsuit.  To the extent that the

14  content of these emails is included in any of the withheld documents, TRT shall produce the

15  portions of those documents that include the waived content.  However, that is the full extent of

16  the waiver.  The Court will not construe these limited emails that briefly discuss some facts of the

17  claims against Lucky into a broad waiver of all attorney-client privileged communications

18  concerning the subject of the lawsuit against Luckey.[3]

19       TRT shall produce the documents in accordance with this Order by no later than May 25,

20  2016.  TRT is FURTHER ORDERED to retrieve the documents delivered to the Court for *in*

---

[3]  Defendants also argue that TRT waived its attorney-client privilege by producing communications between Igra and Seidl regarding the merits of the Luckey lawsuit.  However, as noted above, California defines a confidential communication between a client and an attorney as one that "includes a legal opinion formed and the advice given by the lawyer in the course of that relationship."  Cal. Evid. Code § 952.  Defendants have made no effort to point out any communications between Igra and Seidl that were disclosed to Defendants that reveal legal opinions or advice regarding the Luckey lawsuit.  Therefore, Defendants fail to demonstrate that TRT waived its attorney-client privilege on this ground.

At the hearing, the parties referenced an email dated January 14 which may have been inadvertently produced.  Unfortunately, the parties' joint letter brief does not address that email.  Therefore the Court cannot determine whether any portion of that email contains attorney-client privileged communications or whether its production waived that privilege.  To the extent Defendants intended to move to compel on the grounds that the production of that email waived the attorney-client privilege, the motion is DENIED.

1    *camera* review by no later than June 2, 2016.

2         **IT IS SO ORDERED**.

3    Dated: May 17, 2016

4                                          
                                           _____

5                                          SALLIE KIM
                                           United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28