IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOTAL RECALL TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> PALMER LUCKEY and OCULUS VR, LLC, as successor-in-interest to Oculus VR, Inc., <br><br> Defendants. | No. C 15-02281 WHA <br><br> **ORDER DENYING SEALING MOTIONS** |

Both sides seek leave to file under seal several documents submitted in connection with the recent order to show cause and plaintiff's motion seeking relief from the prior order on defendants' motion to dismiss (Dkt. Nos. 183, 188, 197). The documents in question are central to potentially dispositive motions and so may only be sealed if there are "compelling reasons" to keep the information confidential. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

The documents sought to be sealed are the settlement agreement between the Thomas Seidl and Ron Igra (the founding partners of Total Recall), and other documents reflecting the terms of that agreement. The agreement is confidential by its terms, and as such may not be "disclosed or otherwise revealed . . . except as required by law or order of the court." Pursuant to the terms of the agreement, it was produced to defendants on the condition that it be treated as "Highly Confidential — Attorneys' Eyes Only" under the protective order in this action.

Defendants seek to seal these documents only because they are required to do so under the protective order.

Plaintiff's declarations submitted in support of its own motions are striking inasmuch as they describe the "compelling reasons" standard in detail but decline to apply it. Instead, they simply state that "good cause" exists to seal the documents. The only reason provided for sealing the documents in question is that they are "non-public" and designated confidential or highly confidential under the protective order. Counsel for Total Recall notes that "Thomas Seidl has insisted on full compliance with the Settlement Agreement, including its confidentiality provisions" (188-1 ¶ 4; 190 ¶ 3; 197-1 ¶ 4).

Seidl, a third party, did not file a supporting declaration, although the motions were served on his counsel (Dkt. Nos. 184, 186, 191, 200). The deadline to respond has long passed.

Nothing on the face of the settlement agreements indicates why they should be sealed. Accordingly, the parties motions for leave to file various documents under seal are **DENIED**.

**IT IS SO ORDERED.**

Dated: January 31, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE