IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOTAL RECALL TECHNOLOGIES,

Plaintiff,

v.

PALMER LUCKEY and OCULUS VR, LLC, as successor-in-interest to Oculus VR, Inc.,

Defendants.

No. C 15-02281 WHA

**ORDER RE BILL OF COSTS**

Following summary judgment in their favor, defendants now seek to recover $35,171.43 in costs. Plaintiff objects to $7,626.25 of that total, which represents the costs of videotaping depositions. Defendants also seek $16,499.25 for transcription services relating to the same depositions. Civil Local Rule 54-3(c)(1) provides that a prevailing party may recover "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case . . . ."

The undersigned judge has previously denied recovery of both video and transcription services outright. *See Affymetrix, Inc. v. Multilyte Ltd.*, No. 03-03779, 2005 WL 2072113, at \*2 (N.D. Cal. Aug. 26, 2005). In light of subsequent decisions interpreting Civil Local Rule 54-3(c)(1), however, the undersigned judge has allowed prevailing parties to recover such duplicate costs where the circumstances of the case warrant it and denied those costs when the circumstances did not warrant that duplication. *Compare Meier v. United States*, No. 05-0440, 2009 WL 982129, at \*1 (N.D. Cal. Apr. 13, 2009) (allowing costs for video and transcript), *with*

*Frlekin v. Apple Inc.*, Nos. 13-3451, 13-3775, 13-4727 (consolidated), 2016 WL 354862, at *2 (N.D. Cal. Jan. 25, 2016) (denying costs for video and transcript).

In *Meier*, the circumstances warranting the duplicate costs were the "numerous discovery disputes, the contentious nature of [the] case and the need to have a video record of the behavior of the deponent." 2009 WL 982129, at *1.

By contrast, *Frlekin* held as follows:

> All of these witnesses would presumably have testified live at trial, and the jury would have seen their demeanor as live witnesses. The transcribed testimony would have sufficed to impeach (if there had been occasion to impeach). The only thing a video would have added would be a visual of the demeanor of the witness at the time of the particular deposition extract. In the Court's experience, such limited visuals rarely add any probative value of demeanor beyond what the trial itself already supplies. The principal occasion where a video plus a transcript is warranted is for witnesses beyond trial subpoena range or where the deponents are otherwise unlikely to testify live at trial.

2016 WL 354862, at *2.

Here, it is true that our case became mired in discovery disputes, but none involved deposition conduct or any other issue that might have been resolved with videotapes. Nor did the contentious nature of this case warrant videotaped depositions — the transcript would have sufficed to impeach any witness, if necessary. (Notably, half of the witnesses for which defendants sought deposition costs were *their own witnesses*.)

On the record before us, the only deposition warranting both a written transcript and video was that of co-founder of Total Recall, Thomas Seidl, who repeatedly opposed pursuit of this lawsuit. He resides outside subpoena range and would be unlikely to testify, though his story became the focus of this litigation.

Otherwise, in order to "further the nationwide goal to reduce the cost of litigation rather than to multiply it," this order rejects defendants' "blanket omnibus approach to videotape every deposition . . ." *Ibid.* Defendants may recover the $5,512.35 in costs associated with Seidl's deposition, but all other objections are **SUSTAINED**.

**IT IS SO ORDERED.**

Dated: May 16, 2017.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE