**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOTAL RECALL TECHNOLOGIES, | No. 17-15668 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02281-WHA |
| v. | |
| PALMER LUCKEY and OCULUS VR, LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted March 15, 2018
San Francisco, California

Before: WALLACE and BERZON, Circuit Judges, and BERG,** District Judge.

Plaintiff appeals from summary judgment on its breach of contract claim

against Defendants. It also appeals from the dismissal of its conversion and breach

of implied covenant of good faith claims. We affirm in part and reverse and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Terrence Berg, United States District Judge for the
Eastern District of Michigan, sitting by designation.

remand in part.

1. The district court erred in concluding that state law governed the procedural question of whether Defendants can challenge Plaintiff's authority to file this action. *See Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 554 (9th Cir. 2015). We remand for the district court to consider this question in the first instance under federal law, including the possible applicability of either Federal Rule of Civil Procedure 9(a)(1)(A) or 9(a)(1)(B). *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000). Specifically, the district court should consider whether the issue of a partner's authorization to sue on behalf of a partnership is one of "capacity" within the meaning of Rule 9(a)(1)(A), or "authority" within the meaning of Rule 9(a)(1)(B), or whether there is some other basis on which Defendants can raise the issue. If the district court concludes that a partner's authorization to sue on behalf of a partnership is an issue of "capacity" or "authority" under Rule 9(a), then it should determine whether Plaintiff offered facts sufficient to establish its authority or capacity to sue. The district court should also consider whether, even if Defendants could raise the issue, and even if Plaintiff's attempted retroactive ratification was valid, the statute of limitations had already expired on Plaintiff's claims.

2. The district court properly dismissed Plaintiff's claim for conversion.

Luckey's alleged possession of the first prototype was not "wrongful" because Seidl voluntarily dispossessed himself of it by returning it to Luckey and never requested its return. *See Tyrone Pac. Int'l, Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981), citing *Hartford Fin. Corp. v. Burns*, 96 Cal.App.3d 591, 598 (1979).

3. The district court properly dismissed Plaintiff's claim for breach of the implied covenant of good faith and fair dealing because the claim was based solely on the failure to perform express contractual duties. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). We reject Plaintiff's attempt to distinguish *Careau* on the basis that Luckey deliberately breached the contract. First, the plaintiff in *Careau* also alleged a deliberate breach. *See id.* at 1392 (explaining that plaintiff alleged defendants gave a "deceitful and pretextual explanation for such refusal [to perform the contract]"). Second, *Careau* held that "absent those limited cases where a breach of a consensual contract term is not claimed or alleged, the only justification for asserting a separate cause of action for breach of the implied covenant is to obtain a tort recovery." *Id.* at 1395. Restated in the affirmative, when plaintiff is alleging breach of an express contractual term, as here, the only cognizable implied-duty claim is in tort. Recovery in tort requires the presence of a "special relationship," such as

that "between insurer and insured," something the parties here, like those in *Careau*, do not have. *Id*. at 1400-01.

**AFFIRMED in part; REVERSED and REMANDED in part.**

Each party shall bear its own costs on appeal.