MAYER BROWN LLP
LAUREN R. GOLDMAN (*pro hac vice*)
(lrgoldman@mayerbrown.com)
MICHAEL RAYFIELD (*pro hac vice*)
(mrayfield@mayerbrown.com)
1221 Avenue of the Americas
New York, NY 10016
Telephone: (212) 506-2500
Facsimile: (212) 849-5589

COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
MARK F. LAMBERT (197410) (mlambert@cooley.com)
ANGELA L. DUNNING (212047) (adunning@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Defendants PALMER LUCKEY
and OCULUS VR, LLC

(Additional counsel on signature block)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TOTAL RECALL TECHNOLOGIES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PALMER LUCKEY and OCULUS VR, LLC.,<br><br>　　　　Defendants. | Case No. 15-cv-02281 (WHA)<br><br>**DEFENDANTS' LIST OF POTENTIAL DISPOSITIVE MOTIONS**<br><br>Date: February 5, 2019<br>Time: 8:00 a.m.<br>Location: Courtroom 8, 19th Floor<br>Judge: Hon. William H. Alsup<br>Trial date: Not yet set<br>Complaint filed: May 20, 2015 |

Pursuant to this Court's December 14, 2018 case management order, defendants respectfully submit this "list of every dispositive motion that [defendants believe they] will or should make in this case," and "the reasons as to why such a motion has any merit." Dkt. 236.

**1.  Renewed motion for summary judgment based on plaintiff's lack of authority and capacity to bring this suit.** Consistent with the Court's case management order, defendants will, by January 10, 2019, file a renewed motion for summary judgment addressing the threshold issues that the Ninth Circuit directed this Court to consider in its decision remanding the case. Specifically, defendants will argue that:

**a.** Defendants properly raised the authority and capacity issues under Rule 9(a). Ron Igra lacks the authority to bring this action in a representative capacity on behalf of Total Recall Technologies ("TRT") under Rule 9(a)(1) because he did not have Thomas Seidl's consent, as required by the TRT partnership agreement. TRT lacks capacity to bring this action without the consent of both partners. In addition, defendants were permitted to raise these issues as a matter of basic fairness principles and this Court's inherent discretionary powers.

**b.** As this Court has already found, plaintiff failed to offer facts sufficient to establish Igra's authority or TRT's capacity to sue. There is no genuine issue of material fact: the partnership agreement required both partners to "agree on any action" in TRT's name, and Seidl did not agree to sue Oculus or Palmer Luckey.

**c.** Plaintiff's attempted retroactive ratification was invalid, because Seidl was the only person who could authorize the first two years of this litigation, and he refused to do so. And even if plaintiff had complied with this Court's conditions for ratification, plaintiff could not revive the claims because the statute of limitations had already run.

**2.  If necessary: Motion for summary judgment on the remaining claims in the case.** If the Court grants defendants' renewed motion for summary judgment on the authority/capacity issues, no further substantive motion practice will be necessary, and the Court will enter judgment for defendants on all claims. If the Court denies that motion, defendants anticipate filing a separate motion for summary judgment on the remaining claims in the case.

Defendants expect to address these issues in a single motion filed after the close of expert discovery. Defendants may seek leave to raise any other issues that arise based on (1) expert discovery and (2) the Court's ruling on the authority/capacity issue. There are three remaining claims in this case: plaintiff's claim for (a) breach of contract against Palmer Luckey; (b) constructive fraud against Luckey and Oculus VR, LLC; and (c) violation of California's Unfair Competition Law against both defendants. Defendants believe they are entitled to summary judgment on each claim based on the following grounds:

    **a.** **Contract claim:** Palmer Luckey and Thomas Seidl entered into a contract under which Luckey agreed to build a prototype head-mounted virtual-reality display. Plaintiff claims that Luckey breached several provisions of this contract—a claim that Seidl, the only partner who had interacted with Luckey about the contract, considered meritless. Defendants will seek summary judgment on the grounds that (i) TRT is not a party to the contract; (ii) Luckey did not breach the contract; and (iii) the contract violates California's limitations on covenants not to compete.

    **i.** **TRT is not a party to the contract:** TRT is neither a party to the Luckey/Seidl contract nor referenced in it, and therefore has no right to sue based on this contract, on either a breach-of-contract theory or a tort theory.

    **ii.** **No breach**: Luckey has not breached the contract.

*First*, the relevant contractual provisions apply only if, "within a twelve month period from 1st July 2011," Luckey "received a minimum payment in royalties of 10,000 US dollars by [Seidl]." Fact discovery is closed and there is no dispute that Luckey never received *any* royalty payment from Seidl. And under the plain terms of the contract, this payment was a condition precedent that had to occur before Luckey's obligations would take effect. At the pleading stage, this Court found plaintiff's contrary theory "plausible" (but just "barely") because of a "grammatical defect on the provision." Order re MTD (Dkt. 82) at 9. Discovery has since demonstrated that the parties intended for the payment to be a condition precedent to all of Luckey's obligations with respect to any head-mounted display he developed under the contract.

*Second*, the contract defines "Confidential Information" as "all information or material that has or could have commercial value or other utility in the business in which [Seidl] is engaged"; the definition specifically excludes (among other things) information that is "publicly known at the time of disclosure" or "learned by [Luckey] through legitimate means other than from [Seidl] or [Seidl's] representatives." As Seidl himself has testified, he did not provide Luckey with any Confidential Information. Nor did Luckey share any Confidential Information with any third parties. Indeed, the parties did not designate any information exchanged between them as "Confidential"—as the contract expressly requires.

*Third*, the Oculus Rift is a separate product from the prototype that Luckey built for Seidl, which Seidl received and kept. Among other differences, the Rift featured a single head-mounted display panel, a distinct lens design, and distortion-correction software specifically designed for immersive video gaming.

      **iii.**      **Section 16600**: California Business and Professional Code Section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The exclusivity provision of the contract provides that Luckey "shall not aid any other person or entity in the design of [an undefined] Head Mounted Display other than [Seidl]." At the pleading stage, the Court found it "ambiguous" whether the contractual term "Head Mounted Display" was "intended to refer only to the prototype Luckey designed for Seidl or to all similar devices." Order re MTD at 9. The Court "resolve[d] that ambiguity in Total Recall's favor" by "limiting it to the prototype so as to avoid interpreting it to prevent Luckey from contracting to design a different prototype display for any other company, *which would implicate Section 16600*." *Id.* (emphasis added). The record is now clear that, contrary to the allegations in the complaint, Luckey *delivered* the prototype to Seidl. Seidl received it, approved it, and kept it. Luckey created and commercialized a *different* virtual-reality device (and design): the Rift. To the extent the provision is read to cover the Rift, it "implicate[s] Section 16600" because it would "prevent Luckey from contracting to design a different prototype display for another company." *Id.*

  **b.**  **Constructive fraud claim**

    **i.**  **No confidential relationship:** This Court held that plaintiff had plausibly alleged a confidential relationship with Luckey—the first element of a constructive fraud claim—because Seidl "entered into a confidentiality agreement with [Luckey]," which this Court had "previously held . . . sufficient to establish a confidential relationship at the pleading stage." Order re SAC (Dkt. 117) at 3-4 (citing *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *3 (N.D. Cal. Feb. 28, 2014)). *Jobscience* is expressly limited to the pleading stage. And even if it were applied at summary judgment, plaintiff cannot establish a confidential relationship because (1) Seidl never provided Luckey with any confidential information; and (2) Luckey's duties as to any information he developed were dependent on a precondition—the payment—that never materialized.

    **ii.**  **Other elements**: Defendants will further demonstrate that plaintiff has failed to satisfy the other elements of a constructive fraud claim: (1) an act, omission, or concealment involving a breach of a confidential relationship; (2) reliance; or (3) resulting damage. *See Assilzadeh v. Cal. Fed. Bank*, 82 Cal. App. 4th 399, 414 (2000). While the Court determined that plaintiff had adequately pleaded these elements at the motion-to-dismiss stage (Order re SAC at 4-7), discovery has revealed plaintiff's inability to offer the evidence necessary to support them on summary judgment.

  **c.**  **Unfair Competition Law**: Section 17200 of the California Business and Professions Code provides a cause of action for "unfair competition" that includes "any unlawful, unfair, or fraudulent business act or practice." This Court has permitted this claim to proceed only to the extent it rests on the "unlawful" prong of the statute. *See* Order re MTD at 16-17 (no claim under "fraudulent" prong); Order re SAC at 8-9 (no claim under "unfair" prong). The Court reasoned that "Total Recall has adequately alleged a claim for constructive fraud, which can form the basis of a claim under the unlawful prong." Order re SAC at 8. If, for the reasons discussed above, the Court grants defendants summary judgment on the constructive fraud claim, that would remove plaintiff's only basis for the UCL claim.

**d.     Damages**: If the Court denies defendants' motion for summary judgment on liability issues, it should grant summary judgment on plaintiff's claim for damages because plaintiff has not alleged—and certainly cannot prove—that it has ever sold its own virtual-reality headset, even though Seidl has always maintained possession of the second prototype that Luckey made for him.  Thus, it would be impossible for a factfinder to determine how much money, if any, the partnership lost due to Luckey's commercialization of the Rift.  In addition, because the only payment Luckey ever received was $798 to buy parts, and because Luckey delivered the prototype he built with those parts to Seidl, plaintiff has suffered no damages. Under California law, a "loss of anticipated profits from a new business" is too speculative to support a damages claim absent evidence that such profits would have been realized and the extent of such profits.  *Fisher v. Hampton*, 44 Cal. App. 3d 741, 748 (1975).  This Court rejected defendants' reliance on *Fisher* at the pleading stage because it was "not a decision on a Rule 12 motion."  Order re MTD at 17.  Defendants will demonstrate at summary judgment that plaintiff has failed to establish the requirements for damages under *Fisher* and its progeny.

Dated:  December 31, 2018

MAYER BROWN LLP

By: */s/ Lauren R. Goldman*
    Lauren R. Goldman
    Michael Rayfield
COOLEY LLP
Michael G. Rhodes
Mark F. Lambert
Angela L. Dunning

Attorneys for Defendants PALMER LUCKEY and OCULUS VR, INC.

DURIE TANGRI LLP
Ragesh Tangri (159477)
(rtangri@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666

Attorneys for Defendant PALMER LUCKEY

5
DEFENDANTS' LIST OF POTENTIAL DISPOSITIVE MOTIONS
CASE NO. 15-CV-02281 (WHA)