IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOTAL RECALL TECHNOLOGIES,

Plaintiff,

v.

PALMER LUCKEY and OCULUS VR, LLC, as successor-in-interest to Oculus VR, Inc.,

Defendants.

No. C 15-02281 WHA

**ORDER ON ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

In our circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). To seal records in connection with a "dispositive" motion or a motion that "more than tangentially relate[s] to the merits of a case," "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure" are required. *See id.* at 1178–79 (quotations and citations omitted); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). A particularized showing of "good cause" under Federal Rule of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion. *Kamakana*, 447 F.3d at 1179–80.

Civil Local Rule 79-5 requires that administrative motions to file under seal be accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the]

strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information because it "is not necessary to the public's understanding of the case." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221–22 (Fed. Cir. 2013) (applying the law of our circuit).

In our district, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Moreover, administrative motions to file under seal must "be narrowly tailored to seek sealing only of sealable material." C.L.R. 79-5. Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard. Requests not narrowly tailored to seek sealing only of sealable material as required by Civil Local Rule 79-5 shall be denied.

Here, plaintiff does exactly that. Plaintiff moves to file three exhibits in their entirety under seal (Exh. I, Exh. M, Exh. N) and one line in their opposition brief (Dkt. No. 248 at 5) "because Defendants have designated the information confidential and/or highly confidential" (Dkt. No. 247). No other reason is provided. Sealing an exhibit in full is not narrowly tailored and therefore does not comport with Local Rule 79-5. Because the single sentence in the opposition brief sought to be sealed is predicated on information contained in one of the exhibits, there is no reason to keep that information under seal if the exhibit becomes public.

This order therefore **DENIES** plaintiffs' administrative motion to seal in full. Unless a party submits a narrowly tailored redacted version of the exhibits plaintiff wished to seal by

**MARCH 13** at **NOON**, plaintiff shall file the un-redacted versions of the exhibits on the public docket by **MARCH 14** at **NOON**.

**IT IS SO ORDERED.**

Dated: March 7, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE