**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TOTAL RECALL TECHNOLOGIES,

    Plaintiff-Appellant,

v.

PALMER LUCKEY; OCULUS VR, LLC,

    Defendants-Appellees.

No.   19-15544

D.C. No. 3:15-cv-02281-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted April 21, 2020
San Francisco, California

Before: WALLACE and BERZON, Circuit Judges, and BERG,[**] District Judge.

This case comes to us from the district court's summary judgment in favor of Palmer Luckey and Oculus VR, LLC (collectively, Defendants). In the first appeal, we remanded to the district court to address three questions: (1) whether federal procedural law, including Federal Rule of Civil Procedure 9(a)(1)(A) or 9(a)(1)(B),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Terrence Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

enables Defendants to challenge the internal management authority of Total Recall Technologies (Total Recall) to sue; (2) if federal procedural law permits Defendants to make their challenge, whether Total Recall provided sufficient evidence of Ron Igra's authority and/or Total Recall's capacity to proceed; and (3) if Defendants can challenge Total Recall's authority or capacity, and if Total Recall ratified its previous action; whether the statute of limitations expired.  The district court agreed with Defendants on all three points and entered summary judgment in their favor.  This appeal followed.

Even assuming that Defendants could challenge Total Recall's capacity or Igra's authority to sue on Total Recall's behalf under Rule 9(a)—a question which may be debated—and that the action was defective as filed, we conclude that Total Recall retroactively cured any defect and that the cure was not time-barred.  We therefore reverse the district court's summary judgment and remand for further proceedings.

The district court abused its discretion by requiring Thomas Seidl to consent to the action as a condition of ratification.  By imposing that condition, the district court compelled Total Recall to keep its same structure and ownership to continue prosecuting the action.  Hawaii partnership law, which governs the construction of Total Recall's partnership agreement, did not tie Igra's hands in that way; any

conditions of ratification needed only to account for the makeup of the partnership under state law.

Igra filed a declaration memorializing that after a Hawaii state court mediation, (1) Seidl had withdrawn from the partnership; (2) the partnership (now in wind-down mode) had retained its interest in this action and Seidl would receive 30% of any recovery; (3) Igra was the sole partner; and (4) Igra would indemnify Seidl's costs arising from this action.  By removing Seidl as a partner, Igra had *unilateral* authority to control Total Recall's participation in this litigation, which he exercised by submitting a declaration consenting to the action and ratifying its filing. No more was required.

We disagree with Defendants that ratification of the lawsuit required Seidl's affirmative consent when he was still a partner of Total Recall.  Any prejudice Defendants suffered because "all prior proceedings—including the complaint, briefing, and the entirety of fact discovery—were conducted without a legally cognizable plaintiff" was purely academic.  Nothing would have precluded Igra and Seidl from entering into a similar withdrawal and consent agreement before the action was filed.  We therefore reject Defendants' contention that Igra's chosen mode of ratification was inadequate.  See *CLD Constr., Inc. v. City of San Ramon*, 16 Cal. Rptr. 3d 555, 562 (Ct. App. 2004); *Cal. Sav. & Loan Soc. v. Harris*, 43 P. 525, 526 (Cal. 1896).

In addition, the district court erred in concluding that Total Recall's ratification happened too late. As a general rule, a statute of limitation is tolled when a complaint is filed as to matters arising out of the action. *See* Cal. Civ. Proc. Code § 350.[1] The district court applied a statutory exception providing that the limitations period will not be tolled for corporations which are suspended for non-payment of taxes and for that reason lack legal capacity to sue and be sued in California. Under the revivor statutes, once delinquent taxes are paid for the suspended corporation, the corporation's powers are restored, thus reviving its capacity to sue. *See* Cal. Rev. & Tax. Code. §§ 23305, 23305(a). Under these provisions, a suspended corporation's lack of capacity "does not operate to toll the running of the statute of limitations." *V&P Trading Co., Inc. v. United Charter, LLC*, 151 Cal. Rptr. 3d 146, 150 (Ct. App. 2012).

Under California law, this exception does not vitiate ordinary tolling principles as to *any* defect in Total Recall's capacity or authority to sue. *American Alternative Energy Partners II v. Windridge, Inc.*, 49 Cal. Rptr. 2d 686 (Ct. App. 1996), is especially persuasive on this point. There, the plaintiff had not filed a certificate of partnership with the Secretary of State when it filed its action. *Id.* at

---

[1] In this diversity case, California law governs the question of statute of limitations and applicable tolling rules. *See G & G Prods. LLC v. Rusic*, 902 F.3d 940, 947 (9th Cir. 2018).

691. Under California law at the time, a limited partnership could not "maintain" an action in California court until a certificate of partnership was filed. *See id.* In arguing that the action was barred by the statute of limitations, the defendant urged the court to conclude that the plaintiff's "situation [was] analogous to a corporation whose powers have been suspended for nonpayment of the corporate franchise tax." *Id.* at 693.

The court rejected the argument. First, the court observed that the plaintiff was not a suspended corporation but a general partnership with capacity to sue in the name it had assumed. *See id.* Second, the court explained that the "legislative policy behind the tax code provisions is to enhance tax collections *rather than to assure enforceability of judgments, as with other rules on party capacity*." *Id.* (citations omitted; emphasis added). The California court accordingly concluded that the statute of limitations rules under the corporate revivor statutes did not apply. *Id.* at 693–94.

All of the published California intermediate appellate decisions on which Defendants rely applied the statutory exception to suspended corporations and are therefore inapposite. *See V&P Trading Co.*, 151 Cal. Rptr. 3d at 152; *Friends of Shingle Springs Interchange, Inc. v. Cty. of El Dorado*, 133 Cal. Rptr. 3d 626, 644 (Ct. App. 2011); *Ctr. for Self-Improvement & Cmty. Dev. v. Lennar Corp.*, 94 Cal.

5

Rptr. 3d 74, 81 (Ct. App. 2009); *Leasequip, Inc. v. Dapeer*, 126 Cal. Rptr. 2d 782, 788 (Ct. App. 2002).

Because Total Recall is not a tax-delinquent corporation, or a suspended corporation for any other reason, the statute of limitations rules under California's corporate revivor statutes do not apply. Accordingly, the filing of the Complaint tolled the applicable statute of limitations, and Igra's ratification of the action was timely.

For these reasons, the district court's summary judgment is

**REVERSED AND REMANDED.**