1  DURIE TANGRI LLP
   RAGESH K. TANGRI (SBN 159477)
2  rtangri@durietangri.com
   BETHANY D. BENGFORT (SBN 312507)
3  bbengfort@durietangri.com
   217 Leidesdorff Street
4  San Francisco, CA  94111
   Telephone:  415-362-6666
5  Facsimile:  415-236-6300

6  DURIE TANGRI LLP
   BENJAMIN B. AU (SBN 237854)
7  bau@durietangri.com
   953 East 3rd Street
8  Los Angeles, CA 90013
   Telephone:  213-992-4499
9  Facsimile:  415-236-6300

10 Attorneys for Defendant
   PALMER LUCKEY
11
   (*Additional counsel continued on following page*)
12

13             IN THE UNITED STATES DISTRICT COURT

14            FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16 TOTAL RECALL TECHNOLOGIES,              Case No. 3:15-cv-02281-WHA (SK)

17                       Plaintiff,        **DEFENDANTS' ADMINISTRATIVE
                                           MOTION TO SEAL PURSUANT TO CIVIL
18       v.                                LOCAL RULE  79-5(E)**

19 PALMER LUCKEY and FACEBOOK              Ctrm:   12
   TECHNOLOGIES, LLC (F/K/A OCULUS VR,     Judge:  Honorable William Alsup
20 LLC),

21                       Defendants.

22

23

24

25

26

27

28

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
MARK F. LAMBERT (SBN 197410)
mlambert@cooley.com
ANGELA L. DUNNING (SBN 212047)
adunning@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

MAYER BROWN LLP
LAUREN R. GOLDMAN (admitted *Pro Hac Vice*)
lrgoldman@mayerbrown.com
MICHAEL RAYFIELD (admitted *Pro Hac Vice*)
mrayfield@mayerbrown.com
1221 Avenue of the Americas
New York, NY 10016
Telephone:     (212) 506-2500
Facsimile:     (212) 849-5589

Attorneys for Defendants
PALMER LUCKEY and FACEBOOK TECHNOLOGIES, LLC

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(e), Defendants Palmer Luckey ("Mr. Luckey") and Facebook Technologies, LLC ("FBT" and together with Mr. Luckey, "Defendants") file this administrative motion to seal portions of Plaintiff Total Recall Technologies ("TRT") Supplemental Briefing Per the Court's March 8, 2021 Order (Dkt. 345) and certain supporting exhibits thereto.  This administrative motion to seal supports and is intended to supplement the administrative motion to seal filed by TRT on March 19, 2021.  (Dkt. 346.)  The sections that Defendants seek to seal disclose Mr. Luckey's or nonparties' confidential personal financial information or contain Mr. Luckey's confidential employment information.  In particular, Defendants seek to seal the following documents or portions of documents:

| Document | Redaction | Justification for Sealing |
|---|---|---|
| • Plaintiff TRT's Supplemental Briefing Per Court's March 8, 2021 Order (Dkt. 346-04) | • Blue highlighted portion that starts with "prior" and ends in "suspended" (Page 8) | • Contains Mr. Luckey's sensitive private financial information |
| • Ex. 11 to the Declaration of Michael D. Powell in support of Plaintiff's Motion to Seal ("Powell Decl.") (Dkt 346-06) | • Blue highlighted portion that starts with "Name:" and ends with "thx" (Page 91792)<br><br>• Blue highlighted portion that starts with "Sure" and ends with "Paypal" (Page 91792) | • Contains Mr. Luckey's sensitive private financial information |
| • Ex. 12 to the Powell Decl. (Dkt 346-08) | • Blue highlighted portion that starts with "Name:" and ends with "thx" (Page 91772)<br><br>• Blue highlighted portion that starts with "Sure" and ends with "Paypal" (Page 91772) | • Contains Mr. Luckey's sensitive private financial information |
| • Ex. 25 to the Powell Decl. (Dkt 346-07) | • Page 145107 | • Contains Mr. Luckey's sensitive private financial information |
| • Ex. 29 to the Powell | • The full paragraph starting with the words | • Contains Mr. Luckey's confidential employment |

| Decl. (Dkt 346-09) | "Great to" and ending with the final bullet point prior to the words "Actions from" (Page 91133) | information |
|---|---|---|
| • Ex. 30 to the Powell Decl. (Dkt 346-10) | • The full sentence starting with "Paypal" and ending with "moment" (Page 146395) | • Contains Mr. Luckey's sensitive private financial information |
| • Ex. 37 to the Powell Decl. (Dkt 346-11) | • The table following the word "table" and prior to the words "I'll be advising" (Page 281968) | • Contains Mr. Luckey's sensitive private financial information<br><br>• Contains the personal financial information of nonparties, or information from which such personal information may be derived |
| • Ex. 54 to the Powell Decl. (Dkt 346-16) | • Blue highlighted portion that starts with "Name:" and ends with "thx" (Page 91835)<br><br>• Blue highlighted portion that starts with "Sure" and ends with "Paypal" (Page 91835) | • Contains Mr. Luckey's sensitive private financial information |

## II.    ARGUMENT

A party seeking to seal a judicial record must provide "compelling reasons" to overcome the public's right of access to court documents. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). What constitutes a compelling reason is "best left to the sound discretion of the trial court." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Compelling reasons may exist when a court record might be used to "gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Id.* (quotations omitted).

Compelling reasons exist to seal the redacted material related to Mr. Luckey's personal financial information. The "Ninth Circuit has found that compelling reasons exist to keep personal information

confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir.2003); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006)). The redacted material includes sensitive banking account and financial information for which Mr. Luckey has a compelling privacy interest, and which could be used to steal his identity. *See* Luckey Decl. ¶ 3. This Court has granted similar requests to seal Mr. Luckey's personal financial information in previous filings. *See* Dkt. No. 309.

Compelling reasons also exist to seal the redacted material related to nonparties' financial information in Exhibit 37. FBT keeps private financial and other personal information relating to the former Oculus shareholders in its possession confidential. *See* Declaration of Jordan McCollum (Dkt. 312-1). Courts have found compelling reasons to seal private, personal information, including personal financial information. *See, e.g. Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018) ("The Court agrees that compelling reasons exist to seal sensitive personal information such as financial information, medical records and conditions, phone numbers, and addresses.").

Finally, compelling reasons exist to seal the redacted material related to Mr. Luckey's employment information. The redacted material contains sensitive, confidential, and private information related to Mr. Luckey's prior employment. *See* Luckey Decl. ¶ 4. California has long recognized a right to privacy in employment records and related information. *See Bd. of Trustees v. Super. Ct.*, 119 Cal. App. 3d 516, 524-525 (1981), *overruled on other grounds by Williams v. Super. Ct.*, 3 Cal. 5th 531, 398 P.3d 69 (2017) ("It is manifest that the subject documents and communications of [the employee's] personnel, tenure, and promotion files, whether relating only to his initial employment, or also to his promotion, additional compensation, or termination, were communicated to the [employer] in confidence, and were thus covered by the communicators' constitutional right of privacy."). Consequently, courts have routinely sealed record information pertaining to employment-related documents. *See, e.g., Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1233650, at *3 (N.D. Cal. Mar. 30, 2011); *Trujillo v. Jacquez*, No. C-10-05183-YGR (DMR), 2014 WL 4072062, at *6 (N.D. Cal. Aug.

3

15, 2014); *Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. C 11-CV-05973 PSG, 2013 WL 2285210, at *1 (N.D. Cal. May 23, 2013).  This Court has granted previous requests to seal references to specific terms in Mr. Luckey's employment records.  *See* Dkt. No. 309.

**III.     CONCLUSION**

For the reasons set forth above and in the accompanying Luckey Declaration, Defendants respectfully request that the Court grant Defendants' Administrative Motion to Seal.

Dated:  March 23, 2021                                   DURIE TANGRI LLP


                                                                     By:_____
                                                                              RAGESH K. TANGRI
                                                                              BENJAMIN B. AU
                                                                              BETHANY D. BENGFORT

                                                                     Attorneys for Defendant PALMER LUCKEY

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

RAGESH K. TANGRI
BENJAMIN B. AU
BETHANY D. BENGFORT

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PURSUANT TO CIVIL LOCAL RULE  79-5(E)
/ CASE NO. 3:15-CV-02281-WHA (SK)