UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOTAL RECALL TECHNOLOGIES,

    Plaintiff,

  v.

PALMER LUCKEY, et al.,

    Defendants.

No. C–15–02281–WHA

**ORDER DENYING MOTIONS TO SEAL**

Pending now are seven administrative motions to seal covering over a hundred documents filed in connection with defendants' summary judgment and Daubert motions, as well as documents related to the Court's prior order on supplemental briefing (Dkts. 312, 322, 327, 328, 329, 346, 352). The Court has reviewed these administrative motions and is shocked to see the parties wish to seal such trivia as:

    a. The statement "Can't wait to try it" (Dkt 346-9, Exh. 16) as well as a reference to that statement in a brief (Dkt 346-3, Supp. Br. at 22);

    b. Luckey's statement in a 2012 email to Seidl that Luckey "Can't wait to get into this, very enthused" along Luckey's name, email address, and the email's send date (Dkt. 349-37, Exh. 36);

    c. Just the words "attached is an invoice" and "From: Palmer Luckey palmertech@gmail.com" in a 2012 email (Dkt 346-11, Exh 25);

    d. A reference in a brief that Ron Igra stated he would "get rich" from the success of Oculus (Dkt. 312-8, Br. at 7);

    e. The words "3D is essential" in an email from Seidl to Luckey (Dkt. 346-16, Exh. 54);

    f. The statement "Talking with John Carmack (id Software) about the possibility of designing future games for use with my open-source head mounted display design" posted on social media (Dkt 349-2, Exh. 24).

This is beyond the pale. The indiscriminate use of the confidentiality stamp alone warrants the denial of the entirety of the motions. The only arguably legitimate request that the Court can so far find is a request to seal a spreadsheet containing the names and addresses of multiple uninvolved third parties (Dkt. 325-14, Exh. 87).

In addition, the parties are denied under the "compelling reasons" standard required by *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The parties seek to seal documents required for even a basic understanding of the case, including large substantive portions of briefs, entire email threads covering multiple exchanges between Luckey and Seidl, relevant portions of deposition transcripts, and documents relevant to the preliminary phases of Oculus's formation.

The United States District Court is not a wholly owned subsidiary of either TRT or Facebook Technologies. If the parties wanted to proceed in total privacy, they should have arbitrated this dispute. Instead, they brought this dispute to a public forum that belongs to the people of the United States, not TRT or Facebook. The United States people have every right to look over our shoulder and review the documents before the Court. The standard under *Kamakana* is not met for any document.

The information contained in the documents is stale, having occurred years ago. Even if the documents had a figment of needed privacy when they were fresh, that time has long since passed.

All motions are **DENIED**.

The effectiveness of this order will be stayed until **MARCH 9TH AT NOON** to allow either side to seek emergency relief from the court of appeals, failing which all documents will remain public.

**IT IS SO ORDERED.**

Dated:  March 25, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3