UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOTAL RECALL TECHNOLOGIES,

          Plaintiff,

   v.

PALMER LUCKEY, et al.,

          Defendants.

No.  C 15–02281 WHA

**REQUEST FOR FURTHER BRIEFING RE SPECIAL JURY VERDICTS**

By **Noon On Thursday, May 6** both sides shall separately answer the following questions:

1. Assuming arguendo that we submit special verdicts or interrogatories to the jury on disputed facts pertaining to contract interpretation, what will we say to the jury regarding which party has the burden of proof on the point in dispute?

    For example, if defendants contend Seidl gave permission for Luckey to use a certain design and TRT denies it, do we ask the jury whether defendants have proven by a preponderance of the evidence that Seidl gave such permission?  This would place the burden on the party asserting affirmatively that the event occurred and would avoid placing a party in the position of having to prove a negative.  The issue is important because in the overall trial, the burden of proof would be on plaintiff

TRT, yet shouldn't it shift in these specific instances to the side asserting the affirmative?

2.  State each fact question you contend must be submitted to the jury regarding contract interpretation and state the specific form of special verdict to cover each.  Do this on the assumption that we will use the answers received back to allow the judge to construe the contract.  It will not be sufficient to say follow the *Christie's* model.

**IT IS SO ORDERED.**

Dated:  April 30, 2021

_____

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California