UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOTAL RECALL TECHNOLOGIES,

    Plaintiff,

  v.

PALMER LUCKEY, et al.,

    Defendants.

No. C 15-02281 WHA

**REQUEST TO CLARIFY CONSTRUCTIVE FRAUD THEORY AND EVIDENCE OF VULNERABILITY**

The constructive fraud claim in the complaint arises out of Luckey's alleged failure to disclose his work on the Rift and Oculus, not Luckey's failure to disclose the Rift *itself* by delivering it to Seidl (SAC ¶¶ 44, 45). Yet this is what TRT has argued in response to defendants' motions in limine (Opp. to Def. Mot. in Limine 2 at 4). At the final pretrial conference, TRT stated that the constructive fraud theory rests, at least in part, on an allegedly broken promise by Luckey to deliver a prototype with 100° FOV despite knowing how to make one (Pretrial Conf. Tr. 43:11-12). TRT shall please explain the constructive fraud theory it intends to offer at trial.

Constructive fraud can rely on either a fiduciary or confidential relationship. *Assilzadeh v. California Fed. Bank*, 82 Cal. App. 4th 399, 415 (2000). TRT has disclaimed the existence of a fiduciary relationship (Opp. Summ. Judg. at 23-25). At the pretrial conference, plaintiff's counsel acknowledged that plaintiff would be held to that disclaimer (Pretrial Conf. Tr. 35:9-13). So, the only remaining basis for TRT's constructive fraud claim is that Seidl and Luckey were in a confidential relationship. "Vulnerability is the necessary predicate of a confidential

relation, and the law treats it as absolutely essential." *Persson v. Smart Inventions, Inc.*, 125 Cal.App.4th 1141, 1161 (2005) (cleaned up). "The vulnerability that is the necessary predicate of a confidential relation, and which the law treats as absolutely essential, usually arises from advanced age, youth, lack of education, weakness of mind, grief, sickness, or some other incapacity." *Richelle L v. Roman Catholic Archbishop*, 106 Cal.App.4th 257, 273 (2003) (cleaned up).

TRT shall describe the evidence it intends to offer to show that Seidl was vulnerable to Luckey within the meaning of a claim for constructive fraud under California law. Citations to published, appellate opinions in support of its contention that Seidl was vulnerable to Luckey would be helpful.

Clarification on the constructive fraud theory and the facts supporting vulnerability will aid the Court in crafting jury instructions. Provide answers to the above in no more than seven pages to be filed no later than **SUNDAY AT 5:00 P.M**.

**IT IS SO ORDERED.**

Dated: October 1, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2