FILED

NOV 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOTAL RECALL TECHNOLOGIES,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>PALMER LUCKEY; FACEBOOK TECHNOLOGIES, LLC,<br><br>Defendants-Appellants. | Nos. 21-15590, 21-15609<br><br>D.C. No. 3:15-cv-02281-WHA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 15, 2021**
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and RESTANI,*** Judge.

Defendants Palmer Luckey and Facebook Technologies, LLC (collectively the "Oculus Defendants") appeal from the district court's order denying seven

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

motions to seal. Plaintiff Total Recall Technologies takes no position on appeal. We have jurisdiction over these interlocutory appeals, *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014), and we affirm.

The parties provisionally filed one hundred documents, spanning more than two thousand pages, under seal with the district court. They then referenced and cross-referenced these documents across seven different motions to seal, often employing different methods of citation. The parties never offered the district court a single, comprehensive explanation of the documents they wished to seal or the reasons why those documents were properly sealable. And what explanation they did provide was often formulaic and unhelpful.

The district court denied the motions and the Oculus Defendants sought emergency relief. Their filings before this court have been as unilluminating as their filings before the district court. Despite thousands and thousands of pages filed, the Oculus Defendants have never offered a single, comprehensive explanation of the documents they moved to seal, the documents at issue on appeal, and the reasons why each of those documents should be sealed. We stayed the district court's order and assigned these appeals to the first available merits panel. On September 5, 2021, the clerk advised the parties that argument was set for November 15, 2021. The court then began the time-consuming process of wading through the record to address the appeals.

We were therefore surprised, given this substantial investment of judicial resources, to learn only recently that trial began on October 4, 2021, and concluded on October 13, 2021. Although the parties had known the trial date since May 2021, they neglected to inform the court of this fact until late October—two weeks *after* the trial's conclusion. It now appears some number of the documents at issue on appeal were offered and—in some instances apparently without objection—accepted into evidence, mooting any appeal as to those documents. We cannot understand why the Oculus Defendants failed to advise the court of the pending trial or that portions of their appeals were becoming moot as the trial progressed. Nor can we understand why they waited for several weeks post-trial to inform us of these developments.

Our precedent recognizes a "strong presumption" in favor of public access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Thus we place a high burden on parties wishing to seal records relating to dispositive pleadings, requiring that they "articulat[e] compelling reasons supported by specific factual findings." *Id.* (quoting *Foltz*, 331 F.3d at 1135).

The Oculus Defendants' jumbled filings are neither articulate, specific, nor compelling. The proponent of sealing does not satisfy the burden by simply

flooding the district court with documents. It was not incumbent upon the district court—or this court for that matter—to parse the Oculus Defendants' mishmash of filings or sua sponte screen thousands of pages for sealable information.[1] "The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." *Id.* at 1182; *see also Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs."). In view of the state of the record, and the standard of review, we conclude the district court did not abuse its discretion in denying the motions to seal.

The Oculus Defendants also filed seven motions to seal before this court. The record has changed considerably since the district court's initial ruling and the district court appears open to revisiting at least some portion of its sealing decision. We therefore defer for ninety days our ruling on the motions to seal documents filed in our court, to allow for further proceedings before the district court. Although we take no position on the merits of any potential renewed sealing motion on remand, we would hope it is both narrower and better presented than those we have already seen. The parties shall inform us within fourteen days after

[1] The docket before this court stands at more than fifty entries—an impressive feat given the Oculus Defendants are litigating unopposed.

any new rulings by the district court regarding these documents.

Our stay of the district court's order dated March 25, 2021, shall dissolve ten days after the mandate issues. The Oculus Defendants shall pay their own costs on appeal.

**AFFIRMED and REMANDED IN PART.**